time which More and his successors acquired by the exception and reservation, in which to cut and remove the timber in question. Acquiescence on the part of Powell's successors that Conaro, or the Peckhams, take a tree or so each year from the reservation, would not bar the owner of the land from insisting that they must cease taking such timber after the time permitted by the exception and reservation had expired, and, even though such acquiescence had endured for 20 years, it would not operate as such a bar, so long as neither Conaro nor the Peckhams claimed any right to take such timber, except through the exception and reservation which More made when he conveyed to Powell. Either one of the owners of such westerly farm might consent, if he chose, to let Peckham take more time than the exception gave; but, in case he granted to another such farm without reservation, that grantee might insist that Peckham had acquired no rights by such permission, other than he took by the paper title through which he claimed. Under such paper title, as shown above, he acquired no rights, and therefore, in my opinion, the plaintiff's judgment was right, and should be affirmed.

Judgment affirmed, with costs. All concur.

---

(111 App. Div. 831)

FREEMONT v. BOSTON & M. R. R. et al.

(Supreme Court, Appellate Division, Third Department. March 7, 1906.)

1. MASTER AND SERVANT—DEATH OF BRAKEMAN—WORK IN RAILROAD YARD—RULES—PROPRIETY.

In an action against a railway company for the death of a brakeman while coupling cars in a yard, the jury is authorized to find that a rule regulating the manner of doing the work in the yard was necessary and proper, where the proof showed that a similar rule was in force in other yards, or where it was practicable to provide against such accidents. or where the necessity of the particular rule was so obvious as to make it a question of common experience.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 283, 1037.]

2. SAME—FAILURE TO PRESCRIBE RULES—NEGLIGENCE.

In an action against a railway company for the death of a brakeman in a railroad yard, an expert testified that a rule would have been a reasonable and practicable rule under which to have conducted the work in the yard, and that such work was conducted by employés in different yards after the method suggested in the rule, though no such rule had actually been promulgated. The evidence did not show wherein such a rule would have been useless or unreasonable. *Held* to justify a finding that there was a reasonable rule which the company should have promulgated, and that the omission so to do was negligence which contributed to the brakeman's death.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 283, 1037.]

3. EVIDENCE—COMPETENCY OF EXPERT WITNESS.

A person who has worked for years in different railroad yards which had switches connecting with each other at one end is competent as an expert to testify with respect to the reasonableness of a rule governing the manner of working in a yard having switches connecting with each other at both ends; the work of coupling cars being in all essential features the same in all the yards.

**4. SAME—CONDUCT OF BUSINESS.**

An expert, in answer to a question whether a rule regulating the work in a railroad yard was a practicable one, answered, "I suppose it would be a practicable rule," and the court refused to strike out the answer, which was objected to on the ground that it was not a statement of fact. *Held*, that the court treated the language of the witness as his opinion, and properly overruled the motion to strike it out.

**5. MASTER AND SERVANT—INJURY TO BRAKEMAN—ASSUMPTION OF RISK—QUESTION FOR JURY.**

In an action under the employer's liability act for the death of a brakeman while coupling a defective car, the question whether decedent assumed the risk is for the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1068–1072.]

**6. SAME—BURDEN OF PROOF.**

In an action under the employer's liability act for the death of a brakeman while coupling cars in a yard, defendant has the burden of proving that the risk was obvious to decedent, so that he assumed it.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 892, 907.]

Appeal from Trial Term.

Action by Anna Freemont, as administratrix of Joseph Freemont, deceased, against the Boston & Maine Railroad and another. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, and from an order granting a motion for an extra allowance of costs under Code Civ. Proc. § 3253, defendants appeal. Judgment affirmed, and order granting extra allowance of costs reversed.

The defending railroad companies jointly own and operate a freightyard at Mechanicsville. On the west side are some 12 tracks, known as the "Boston & Maine" tracks, and on the east side are about 18 tracks, known as the "Delaware & Hudson" tracks. Plaintiff's intestate, Freemont, had been employed by the defendants in said yard as a brakeman for about six months prior to November 10, 1904, upon which date he received injuries from which he died on November 18th. The accident causing such injuries occurred on track No. 8 of the Boston & Maine tracks. Track No. 8 was used to temporarily store cars awaiting final assignment to a fast freight then in process of being made up. One crew at the south end would haul cars from different tracks and shunt them on to track No. 8, while another crew at the north end would haul these same cars to whatever fast freight their destination might be. Between 4 and 5 o'clock on the morning of November 10th Freemont's crew had taken off about 15 cars from the north end of track No. 8, when they came to a defective car, which could only be removed by means of a chain hitch. Such a coupling must be made by going between the cars and inserting a link of the chain into the drawhead of each of the cars to be coupled and dropping a pin through the link. While engaged in doing that work cars were shunted upon the south end of said track No. 8, and ran against the one which the deceased was endeavoring to couple with the engine, and he was thereby caught between the car and engine and received the injuries from which he died. The plaintiff, as administratrix of said deceased, claiming that such death was occasioned by the negligence of the defendants, brought this action to recover for the same. The jury rendered a verdict in her favor in the sum of $5,000, and from the judgment entered thereon, and from an order denying the defendants' motion for a new trial on the minutes, this appeal is taken. A motion was also made by plaintiff for an extra allowance of costs, under section 3253 of the Code of Civil Procedure, which was granted; and from this order the defendants also appeal.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-LOGG, and COCHRANE, JJ.

Lewis E. Carr, Jarvis P. O'Brien, and Martin L. Murray, for appellants.

G. B. Wellington, for respondent.

PARKER, P. J. The trial judge, at the request of the defendants' counsel, substantially charged the jury that they were authorized to find the rule suggested by the plaintiff a necessary and proper one for this case, if the proof showed that such rule was in force on some other road, or if it showed that it was practicable and reasonable to provide against such an accident, or if the propriety and necessity of such particular rule was so obvious as to make it a question of common experience and knowledge. Such charge must be deemed to furnish the law of this case, and also seems to be in harmony with the decisions upon that subject. Larow v. N. Y. L. E. & W. R. Co., 61 Hun, 11, 15 N. Y. Supp. 384; Koszlowski v. American Locomotive Co., 96 App. Div. 40, 44, 89 N. Y. Supp. 55; Berringan v. N. Y. L. E. & W. R. R. Co., 131 N. Y. 582, 585, 30 N. E. 57.

Applying such law to the facts of this case, and it seems clear that the jury were authorized to find that there was a reasonable and practicable rule which the defendants could and should have furnished for use in this Mechanicsville yard, and that their omission to promulgate such a rule was negligence which contributed to the death of the plaintiff's intestate. Drake, an expert witness sworn on the part of the plaintiff, testified that the rule suggested by the plaintiff's counsel would have been a reasonable and practicable one under which to have conducted such work in the yard as the deceased was engaged in when he met his death. He also stated that such work was, in actual practice, conducted by the employés in different yards where he had worked after the method suggested in the rule, although no such rule was actually promulgated by any of the companies for which they worked; thus indicating that such method was not only a practicable one, but was also a reasonable and necessary method. This witness had worked for years in many different yards where similar work was carried on, and for some time as a manager of such yards, and was evidently competent to judge whether the rule which the plaintiff claimed should have been adopted was a reasonable and practicable one for the protection of the men engaged in such work; and, if the jury correctly reached the conclusion that such witness was correct in that respect, it was for it to further determine whether the defendants had perfomed their full duty to the deceased in neglecting to provide any rule whatever upon that subject. I am of the opinion that, under the proofs in this case, the jury were authorized to find the defendants negligent in not providing such a rule as was suggested on the part of the plaintiff upon the trial of this case.

It is urged by the defendants' counsel that the evidence of the plaintiff's witness Drake does not really furnish the information which I have above claimed for it. From a careful examination of such evidence as it appears on this record, I am satisfied that such is its fair

import and meaning; and.it must also be borne in mind that no contradiction of such evidence is given, and that no skilled evidence .has been offered by the defendants to show wherein such a rule would have been either impracticable, unreasonable, or useless.

It is urged, however, that this witness was not competent as an expert, because the yards in which he had worked did not have switches connecting at both ends with each other. But the work of going in between the ends of cars and coupling with a link or chain and pin on such switches was usual in their yards, and in all essential features the work was the same, except, perhaps, the danger was greater and a stringent rule more needed in the yard in question than in one where an entrance could be made at only one end.

It is also urged that error was made on the trial by the judge refusing to strike out, on the defendants' motion, the answer of such witness. On the trial the plaintiff's counsel put to such witness a supposed rule, and asked him whether it would be a practicable rule for use in a freight yard. He answered, "Yes; I suppose it would be a practicable rule, but understood by railroad men." The plaintiff's counsel asked to strike out the latter part of this answer, "but understood by railroad men," as not responsive, and that the rest remain. The court replied, "I strike out all, except the answer stating that it would be a practicable rule." By this the court meant that he retained what the plaintiffs counsel asked to have retained, and struck out what he asked to have stricken out. To this the defendants' counsel excepted, and then asked to strike out so much of such answer, viz., "I suppose it would be a practicable rule," on the ground that it is not a statement of fact. This motion was denied, and defendants excepted. He strenuously urges that that was reversible error. I think not. The most that was asked from this witness was his opinion. He was testifying as an expert, and hence his opinion was properly received. The trial judge did not "transform a supposition into a fact," but merely treated the phrase used by the witness as an expression of his opinion.

The defendants' counsel further urges that the injury which the deceased received in this case resulted from a risk that was plain and obvious, and hence it was one for which no negligence can be predicated against the defendants.

By the employer's liability act, under which this action is brought, the question of whether or not the deceased assumed the risk, under circumstances similar to these, is no longer one of law. It must be left to the jury, and the trial judge in this case left that question to this jury. The only question, therefore, left to this court, in this connection, is whether we should reverse the finding of the jury upon that question. If the risk of the accident which killed the deceased was an obvious one, and was in fact assumed by him, he cannot recover. If it was not assumed by him, he is not thereby barred from recovering. I am of the opinion that we should not disturb .the verdict upon this point. An analysis of the evidence is not needed in an opinion. Suffice it to say that it is not entirely certain that the deceased had such a knowledge of every detail of the method of carrying on that work, and of the situation under which they were working, to make the risk ob-

vious to him.  The burden was upon the defendants to prove it; and so I conclude that we should not now disturb it.

I discover no errors that call for a reversal of this judgment.  I recommend therefore that it be affirmed with costs.

As to the order granting to the plaintiff an extra allowance of costs, I am of the opinion that it should be reversed.  There is nothing extraordinary or unusually difficult in this case, nothing to bring it within the provisions of section 3253 of the Code of Civil Procedure.

Order granting extra allowance reversed. Judgment and order denying motion for new trial modified by striking from the judgment the amount of the extra allowance, and, as so modified, affirmed, with costs. All concur.