JOHNSON v. TERRY & TENCH CO., Inc.

(Supreme Court, Appellate Division, Second Department.   June 8, 1906.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—CARE REQUIRED OF MASTER—SAFE PLACE TO WORK.

The duty of a master to furnish a safe place includes the duty to exercise reasonable care and prudence to guard against such dangers as may reasonably be foreseen and guarded against, and, if the place is liable to become dangerous by reason of perils not arising from the particular work, it is the master's duty to give such warning as will enable the servant in the exercise of reasonable care to avoid or guard against such additional dangers.

[Ed Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 311.]

2. SAME—DELEGATION OF DUTY.

A master not being entitled to delegate the duty of exercising reasonable care to furnish a safe place, it was immaterial, in an action for injuries to a servant from a danger not arising from the work in which the servant was engaged, that the master had a foreman on the spot directing the work.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 175, 392–410.]

3. SAME—WARNING—NEGLIGENCE—QUESTION FOR JURY.

Defendant construction company was engaged in changing certain railroad tracks, and plaintiff, its servant, was at work at such employment under a foreman whose principal duty was to superintend the work on which plaintiff was employed. Trains were passing over the tracks at frequent intervals, and while engaged in his work plaintiff was struck by a passing locomotive and received the injuries complained of. Held, that whether defendant was negligent in failing to provide a watchman to warn plaintiff and his fellow servants of the approach of trains was for the jury.

Appeal from Trial Term, Richmond County.

Action by Swante Albert Johnson against the Terry & Tench Company, incorporated. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Randall H. Ludlow, for appellant.

George M. Pinney, Jr., for respondent.

MILLER, J. The defendant was engaged in changing the tracks of the New York Central & Hudson River Railroad Company at Fifty-Six street and Park avenue, New York City, and the plaintiff, its servant, was at work with a number of other men under a foreman whose principal duty appears to have been the superintendence of the portion of the work upon which the plaintiff was employed. Trains were passing over the tracks at this point at frequent intervals. While engaged at his work plaintiff was struck by a passing locomotive and received the injuries for which he seeks to recover in this action. The negligence complained of was the failure of the defendant to employ a watchman for the purpose of giving warning of the approach of trains, and it was admitted by the defendant on the trial that it had knowledge that no watchman employed by it was present to warn the men, and that in fact it employed no one for the purpose. Upon the trial the plaintiff sought to amend his complaint so as to bring the case within the employers' liability act, by alleging that the accident was due to the negligence of a person whose sole and principal duty was that of superintendence, to wit, the negligence of the foreman in failing to warn the plaintiff; but this motion was denied. As we have reached the conclusion that the court erred in nonsuiting the plaintiff, irrespective of any liability arising under the employers' liability act, it is unnecessary to consider the refusal of the court to allow the amendment.

While the servant assumes the dangers incident to the work which he is doing, he only assumes such dangers as arise after the master has performed its duty, and it is well settled that the duty of the master

to furnish a safe place includes the duty to exercise reasonable care and prudence to guard against such dangers as may reasonably be foreseen and guarded against (Pantzar v. Tilly Foster Iron Mining Co., 99 N. Y. 368, 2 N. E. 24; McGovern v. C. V. R. R. Co., 123 N. Y. 280, 25 N. E. 373) ; and, if the place may become dangerous by reason of perils not arising from the particular work, it is the master's duty to give such warning as will enable the servant in the exercise of reasonable care to avoid or guard against such additional dangers, Felice v. N. Y. C. & H. R. R. R. Co., 14 App. Div. 345, 43 N. Y. Supp. 922. It is difficult to distinguish the case last cited from the case at bar, because it cannot matter that the added danger arose, not from other work pertaining to the master's business, but from work of third persons, provided the master knew that such danger was bound to occur. In the case at bar we have the concession that the master took no means whatever to give its servant warning of a danger which it must have known was constantly occurring. The fact that it had a foreman on the spot cannot relieve it from liability, because the master could not delegate the duty of exercising reasonable care to furnish a safe place. McGovern v. C. V. R. R. Co., supra; Pantzer v. Tilly Foster Iron Mining Co., supra. See, also, Aleckson v. Erie R. R. Co., 101 App. Div. 395, 91 N. Y. Supp. 1029.

We think the evidence, considered in the light of the respondent's concession, presented a question for the jury whether the defendant failed to exercise reasonable care to guard the plaintiff from the dangers arising from the operation of the trains upon the tracks where he was at work. It appeared that upon prior occasions an employé of the railroad company had warned the men employed by the defendant of the approach of trains by blowing a whistle. The plaintiff was not called upon to know in whose employ this man was, or that his master had trusted entirely to a stranger to the plaintiff to discharge the duty which it owed him. The question of contributory negligence and assumption of obvious risk could not, therefore, be disposed of as one of law.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.