Order reversed, with $10 costs and disbursements, and motion denied, with costs.   All concur, except WOODWARD and RICH, JJ., who dissent.

---

## KASCSAK v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Division, Second Department.   November 21, 1906.)

MASTER AND SERVANT—INJURIES TO SERVANT—RAILROADS—NEGLIGENCE—RULES —FAILURE TO PROMULGATE.

Plaintiff was employed as a member of a yard gang of defendant's railroad, and at the time of his injury was picking up coal from between the tracks, when, as his back was turned, he was struck by a coal car in charge

of a brakeman, which was being "kicked" onto the siding.  Held, that de-
fendant was not guilty of negligence in failing to promulgate and en-
force a rule requiring brakeman in charge of such cars, when approaching
workmen in the yards, to have them under such control that they could
be stopped in case a collision became imminent, or a rule requiring that
some person be provided to watch for approaching cars and warn the
yard gang of the danger; no evidence being offered as to the custom in
other yards or as to the probable efficiency of such rules.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Serv-
ant, § 283.]

    Woodward and Miller, JJ., dissenting.

    Appeal from Trial Term, Queens County.
    Action by John Kascsak against the Central Railroad Company of
New Jersey.  From a judgment in favor of plaintiff, and from an
order denying defendant's motion for a new trial, it appeals.  Reversed.
    Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and MILLER, JJ.

    Robert Thorne, for appellant.
    Frank Moss, for respondent.

    HOOKER, J.  The plaintiff, a common laborer, was at the time of
the accident a member of the yard gang employed in the railroad yards
of the defendant at Penobscot.  This yard contains six tracks other
than the two used by the regular trains, and the former were used for
making up coal trains.  This was done by sending single cars loaded
ed with coal through the yards under the impulse of a "kick" from the
locomotive.  Each car so shunted upon the siding was in charge of a
brakeman.  The plaintiff had been at work as a member of this yard
gang for at least some months, and at about 8 o'clock on the morning
he was hurt was in the act of picking up coal from between the tracks
in this yard, which had been dropped from the cars as they had been
shunted through the siding.  His back was toward the west, from
which all the cars were run, and he was in the act of stooping over to
pick up coal when one of these coal cars ran into him, injuring his leg
so severely that amputation above the ankle was necessary.  At the
time of the accident a freight train was passing on an adjoining track,
accompanied by the noises usually incident to such passage.  This yard
gang was in the habit of doing various things in the railroad yards, such
as cleaning up the coal which had been dropped constantly from the
coal cars as they ran through it, shoveling and cleaning away snow, and
tamping the tracks.
    The jury has predicated negligence on the defendant's part by rea-
son of its failure to promulgate and enforce some rule, the operation of
which would have prevented the accident to the plaintiff.  It is sug-
gested by way of argument, on the part of the respondent, that a rule re-
quiring that the brakeman in charge of the shunted cars when approach-
ing men at work in the yards should have his car so nearly under control
that it could be stopped in case a collision with the workmen seemed
imminent, or that a rule that some person be regularly told off from the
yard gang, whose sole duty it would be to watch for approaching cars
and give adequate warning of danger, would have served to prevent

the unfortunate occurrence which is the subject of this suit. No expert evidence was introduced in relation to the custom in other yards, nor was any offered, bearing upon the probable efficiency of this or any other proposed rule. The yard gang consisted of six or seven men, who at times worked somewhat close together, but at other times were widely scattered through the yard.

We are unable to distinguish this case from that of Corcoran v. N. Y., N. H. & H. R. R. Co., 77 App. Div. 505, 78 N. Y. Supp. 953, recently decided in this department. There the plaintiff was a member of the yard gang of some four men working in the railroad yards of the defendant company. Snow had fallen, and at the time of day when the accident occurred the atmosphere was so full of snow that it was difficult to see more than three or four car lengths ahead. The yard gang was somewhat scattered over the yard, cleaning snow from the switches, and two freight cars were being shunted through the yards. As they approached the plaintiff, the brakeman in charge of the cars shouted, as did another employé of the defendant, who happened to be standing near. He did not hear, and suffered a collision with the freight car and was injured. It is made to appear by the opinion of Mr. Justice Jenks in the Corcoran Case that there was no expert evidence upon the question of the workability of the rules suggested, and it was held that under the circumstances of that case the propriety and necessity of promulgating a rule that some other employé be detailed to keep constant watch over the plaintiff is not so obvious as to make the question one of common experience and knowledge; and the nonsuit was unanimously affirmed. The state of the record in the case at bar is similar. It is probable that at the time the plaintiff was hurt the gang was working more closely together than the yard gang happened to be at the moment Corcoran was hurt; but a comparison of the situations surely reveals that the plaintiff in the Corcoran Case was in a place of greater danger at the time he was hurt than was the plaintiff here when he received his injury.

The rule there must control us, and we reverse the judgment and order appealed from on the authority of that case.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur, except WOODWARD and MILLER, JJ., who dissent.