KASCSAK v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Division, Second Department.    December 3, 1909.)

APPEAL AND ERROR (§ 1195*)—LAW OF CASE—SECOND TRIAL.

The decision of the Appellate Division, reversing a judgment in an action for injury to a railroad employé for insufficiency of the evidence on a certain issue, is the law of the case on a subsequent trial; and plaintiff, introducing evidence on a subsequent trial as to that issue, made a case for the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

Burr, J., dissenting.

Appeal from Trial Term, Queens County.

Action by John Kascsak against the Central Railroad Company of New Jersey. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial granted.

See 115 App. Div. 632, 101 N. Y. Supp. 211.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Frank Moss, for appellant.

Robert Thorne, for respondent.

RICH, J.    Upon a former trial of this action the plaintiff had judgment, which was reversed by this court upon the ground that the jury had predicated the negligence of the defendant upon its failure to adopt and enforce some rule, the enforcement of which would have prevented the accident to the plaintiff, without having any evidence before them of the custom of other railroads under like circumstances, or expert evidence of the probable efficiency of the rules, which, it was claimed by the plaintiff, would have prevented his injury.  Upon the second trial the evidence was the same as on the former, except that the plaintiff gave documentary and expert evidence, which was controverted by the defendant, showing that on several other railroads rules and systems of practice similar to those which he contends it was the duty of the defendant to adopt and enforce were, and had been for some time, in general and successful operation, and expert evidence that they were reasonable and efficient.  The law of this case may be regarded as established upon the former appeal (115 App. Div. 632, 101 N. Y. Supp. 211); and, the plaintiff having supplied proof as to the probable efficiency of the rules, a case was made for the jury.

It follows, therefore, that in granting defendant's motion for a nonsuit the learned trial justice was in error, and the judgment must be reversed, and a new trial granted; costs to abide the event.

HIRSCHBERG, P. J., and WOODWARD and MILLER, JJ., concur.

BURR, J.    I dissent.  If there was sufficient evidence to go to the jury that by other railroad companies a rule had been adopted that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

some member of the gang should be charged with the duty of watching for approaching cars and giving adequate warning of the danger, the failure to adopt and enforce such a rule was not the proximate cause of the accident in this case. The very thing which such a rule was intended to accomplish was in fact done. The plaintiff was warned of the approaching cars in ample time to leave the track. He either did not hear, or neglected to obey, the warning.