ANDERSON v. McMULLEN.

(Supreme Court, Appellate Division, Second Department. June 29, 1911.)

1. MASTER AND SERVANT (§§ 156, 286*) — INJURY TO SERVANT — RULES FOR WORK.

A master must exercise reasonable care to provide warnings for his servants if the place of work may become dangerous from perils not arising from the particular work in which the servant is engaged, and the question whether a master was negligent in failing to formulate rules to protect his servant who was working in an excavation from injuries resulting from concrete being dumped upon him was properly left to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 311, 312, 1037, 1044; Dec. Dig. §§ 156, 286.*]

2. MASTER AND SERVANT (§ 201*)—INJURY TO SERVANT—SAFE PLACE TO WORK.

Where a master placed his servant at a work made dangerous by the work of other servants, without any effort to furnish adequate protection, the master cannot escape liability on the ground that the injury was from the negligence of fellow servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 515–525; Dec. Dig. § 201.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—ACTION—CONTRIBU-
TORY NEGLIGENCE.

In an action by a servant against a master, the question of the serv-
ant's contributory negligence *held* properly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
1089–1132; Dec. Dig. § 289.*]

Jenks, P. J., and Burr, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Bernhard Anderson against Arthur McMullen. From a
judgment for plaintiff·and from an order denying his motion for a
new trial, defendant McMullen appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD,
BURR, and RICH, JJ.

E. Clyde Sherwood (Allan E. Brosmith and Edward J. Redington,
on the brief), for appellant.

Bertrand L. Pettigrew, for respondent.

RICH, J. The defendant, McMullen, appeals from a judgment· in
an action for personal injury in consequence of the alleged negligence
of the defendants, and from an order denying his motion for a new
trial. The defendant gave no evidence, and the judgment rests on
the uncontradicted testimony of plaintiff and his witnesses.

[1] The defendants are contractors, engaged in work on the Penn-
sylvania Railroad. The plaintiff was in their employ. At the place
of the accident, two excavations, each 100 feet long, from 25 to 30 feet
wide, tapering to a width of about 10 feet at the ends, and from 12 to
15 feet deep, had been made, in which cofferdams were built to hold
concrete for the foundation of a trestle. The work had been in prog-
ress for about three weeks before the accident. During the forenoon
of the day on which the plaintiff was injured he had been employed in
patching the north cofferdam. In the afternoon, while engaged in
this work, a dump car containing two tons of concrete was run out on
a temporary track over the cofferdam, and, without warning of any
kind, dumped on the plaintiff, inflicting the injuries for which he has
recovered. No concrete had been dumped in either cofferdam before
plaintiff was injured, and no notice was given of any intention of
dumping of concrete, or that the car, run out on the temporary track,
contained concrete which it was proposed to dump into the cofferdam.

The learned trial justice at the close of plaintiff's evidence denied
a motion to dismiss the complaint, and submitted to the jury the ques-
tion of the negligence of both parties. He said:

"It is claimed, however, with considerable earnestness that this place was
not safe, and that the want of safety was due to the fact that a proper rule
or regulation in the conduct of the business had not been established; that
the plaintiff, being in the situation that he was, was entitled to have had
some regulation in the conduct of the business by which he would be given
reasonable warning of any danger that might come to him in the natural
operations of the work. In other words, it is said that there should have
been a rule by which, in some manner, proper notice or warning would be
given to the plaintiff when the car of concrete was placed upon the track,
and was about to be dumped into the hole where he was. You have heard

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the evidence that has been offered by the plaintiff upon that subject. There has been no evidence offered on the part of the defendants as to anything: and you will determine from that evidence whether there was such a reasonable and proper regulation in the conduct of this business as there should have been, and also whether the failure of the defendants to provide such a regulation was the cause of the plaintiff's accident. * * * In view of some possible future action, I desire to submit to you and to have you answer in writing one question, namely: 'Was the work in question so complicated as to require the promulgation and enforcement of rules for the plaintiff's safety?' To that you may answer 'Yes' or 'No,' as you shall find the fact to be. Your general verdict will be a verdict for so many dollars for the plaintiff or a verdict for the defendant."

No exceptions were taken to the charge. The jury answered the question submitted to them in the affirmative, and rendered a general verdict for the plaintiff for $3,000.

I think that the question as to whether the defendants were negligent in failing to so regulate their business as to provide for notice to workmen in the cofferdam of the time when the dumping of concrete therein was to commence, and in failing to provide for proper warning to such employés of the actual dumping of the concrete, was properly submitted to the jury, and that their conclusion should not be disturbed. The danger arose when the dumping of the concrete into the dam was commenced. The duty of the master to furnish a safe place includes the duty to exercise reasonable care and prudence to guard against such dangers as may reasonably be foreseen and guarded against. Pantzar v. Tilly Foster Iron Mining Co., 99 N. Y. 368, 2 N. E. 24; McGovern v. C. V. R. R. Co., 123 N. Y. 280, 25 N. E. 373. If the place may become dangerous by reason of perils not arising from the particular work in which the servant is engaged, it is the master's duty to provide for such warnings as will enable the servant, with the exercise of reasonable care, to guard against such additional danger. That the danger of running a car of concrete over employés working in the cofferdam for the first time, and discharging its contents into the dam without notice of any kind to such employés, could be reasonably foreseen and guarded against, is so obvious as to require no discussion, and the submission to the jury of the question as to whether, under the circumstances proven, proper rules guarding and protecting employés against such danger were necessary, was proper. Eastwood v. Retsof Mining Co., 86 Hun, 91, 34 N. Y. Supp. 196, affirmed 152 N. Y. 651, 47 N. E. 1106; Morgan v. H. R. O. & I. Co., 133 N. Y. 666, 31 N. E. 234; Freemont v. Boston & Maine R. R. Co., 111 App. Div. 831, 98 N. Y. Supp. 179, affirmed 187 N. Y. 571, 80 N. E. 1109; Kascsak v. Central Railroad of N. J., 135 App. Div. 721, 119 N. Y. Supp. 609.

[2] A master may not place his servant at a work made dangerous by the nature of the work of other servants, without due effort to furnish adequate protection, and escape the result of injury to such servant upon the plea that but for the negligence of such coservants that accident would not have happened. Western Electric Co. v. Hanselman, 136 Fed. 564, 69 C. C. A. 346, 70 L. R. A. 765; Johnson v. Terry & Tench Co., Inc., 113 App. Div. 762, 99 N. Y. Supp. 375; Burns v. Palmer, 107 App. Div. 321, 95 N. Y. Supp. 161.

[3] Plaintiff's contributory negligence was properly submitted to the jury. It is shown that considerable noise resulted from his work, and, if he saw the car on the temporary track, he was not bound to anticipate the discharge of concrete therefrom, without proper warning and an opportunity to avoid danger and injury from such contemplated act. The evidence does not warrant a finding of contributory negligence as matter of law.

No reversible errors are shown by the record. There is sufficient evidence to sustain the verdict, and the judgment and order must be affirmed, with costs.

HIRSCHBERG and WOODWARD, JJ., concur. BURR, J., reads for reversal, with whom JENKS, P. J., concurs on the last ground stated in the opinion.

BURR, J. I dissent, upon the ground that the court was not justified in submitting to the jury the specific question whether the work in question was so complicated as to require the promulgation and enforcement of rules for the plaintiff's safety. The only rule suggested in that connection is that plaintiff's fellow workmen should not dump concrete into the excavation where he was employed without giving him warning of their intention so to do. "Rules are important where the conduct of the business is complicated or dangerous, or their utility has been proven, or where it is obvious that their adoption and enforcement are necessary precautions to prevent accident." Knickerbocker v. General Railway Signal Co., 133 App. Div. 787, 118 N. Y. Supp. 82. Dumping a car loaded with concrete into an open excavation is as simple a mechanical act as can be readily conceived of. The excavation in which plaintiff was injured was not of great depth, nor was there anything to hide a person working at the bottom thereof from the view of all the workmen who were engaged in moving and dumping the car. No master could reasonably be called upon to anticipate that the persons so engaged would willfully or carelessly dump the contents thereof upon a fellow workman who was plainly within their sight. Therefore the master cannot be found to be negligent in failing by rule to forbid such conduct. In addition, I think that the evidence offered by plaintiff through the witnesses Hanson and Tumey to establish general custom and usage for the adoption of such a rule was insufficient for that purpose. In only one instance did the witness testify to the existence of such a rule in the locality where plaintiff was employed. The other witness testified to conditions remote therefrom, two in Chester, Pa., and one at Wilmington, Del. In neither instance were the conditions existing at the place of work or surrounding the performance thereof given in detail. Testimony of specific instances merely may not establish general usage unless the number of instances is relatively large as compared to the whole number. Quoting from 1 Wigmore on Evidence, 458, § 379, note 1:

"Of course, individual instances, offered one at a time, are receivable. The practical question is commonly whether enough have been offered to suffice to go to the jury."

There is nothing in this case from which the court could primarily determine as to such sufficiency. There is no evidence as to the number of firms ,and corporations engaged in similar work in the locality in. which the accident occurred, whether 5 or 500. In the absence thereof, evidence of isolated instances present no question for the jury. Heiser v. Cincinnati Abattoir Co., 141 App. Div. 400, 126 N. Y. Supp. 265.