HELEN EIFERT, as Administratrix, etc., of JOHN EIFERT, Deceased, Respondent, v. UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant.— Action on an insurance policy under section 109 of the Insurance Law. Judgment for the plaintiff unanimously affirmed, with costs. The defendant issued two policies to Burkard Builders, Inc.; one provided coverage up to $5,000 in respect of negligence of a subcontractor of the insured, and the other provided coverage in respect of negligence of an employee of the insured. The plaintiff obtained a judgment as a consequence of an accident in the course of the construction of a building where Burkard Builders, Inc., was the owner and general contractor and one Del Giudice was a subcontractor. The jury in that case found that the subcontractor and the owner general contractor were jointly negligent as a result of which plaintiff's decedent suffered injuries and died. The jury did not give a verdict to the owner general contractor against the subcontractor on the owner general contractor's cross-complaint against the latter. The only basis, despite what was said after the rendition of the verdict on the trial of that case, upon which a verdict could be had on the cross-complaint would be on a finding that the owner general contractor was free from negligence, in which event there might be indemnity as against the subcontractor. The jury, however, found that the owner general contractor was negligent. It was, therefore, proper for the jury not to bring in a verdict in favor of the owner as against the subcontractor, when it found that the subcontractor and the owner general contractor were jointly negligent. The fact that the trial court dismissed the complaint as against Philip Burkard indi-

vidually, the only one through whom the owner general contractor could or did act, does not militate against the plaintiff herein. The court's act resulted in an inconsistency of which the owner general contractor saw fit not to avail itself by appeal in that action. The trial court on the record in the present case properly found that both the subcontractor and the owner general contractor were negligent in the prior action and that their commingled acts of negligence were the joint cause of the death of plaintiff's decedent. Accordingly the plaintiff was entitled under the Insurance Law, section 109, to have the benefit of the separate coverages under the two policies. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.