ARTHUR SODERMAN, Plaintiff, *v.* STONE BAR ASSOCIATES INC., et al., Defendants.

Supreme Court, Trial Term, Kings County, October 17, 1955.

*Melvin Sacks* and *Abraham D. Shackton* for plaintiff.

*Bernard Helfenstein* and *Daniel A. Novok* for Stone Bar Associates Inc., defendant.

*Ralph H. Terhune* for McHarma Construction Co. Inc., defendant.

DiGIOVANNA, J. In this action it was stipulated between all counsel that the issues of fact and law arising upon the cross pleadings be submitted to the court for decision and judgment. After a lengthy trial the jury returned a verdict in favor of plaintiff against Stone Bar Associates Inc., the general contractor, and McHarma Construction Co. Inc., a subcontractor. Now the court is required to decide the issues of law and fact arising upon the cross pleadings.

Plaintiff was an ironworker in the employ of Atlas Erection Co. Inc., a subcontractor of the general contractor, in connection with construction of an apartment house at Third Avenue between 99th and 100th Streets in Brooklyn. In the course of his work he was required to carry heavy steel beams and girders from one place to another and to insert those beams in

recessed pockets which formed part of concrete walls of the entranceway to the building. On April 3, 1953, while using the top of one of these walls as a way to another part of the building, and while carrying a heavy girder, the plaintiff stepped upon a portion of the wall which appeared to him to be a solid, continuous concrete portion. He was precipitated to the floor below, a distance of about ten or twelve feet, thereby sustaining serious personal injuries.

The testimony in the case established that after steel girders had been placed in these recessed pockets bricklayers employed by another subcontractor, the codefendant McHarma Construction Co. Inc., were required to close up the remaining spaces with brick and mortar. The testimony is clear that the bricklayers had been working in the vicinity of the place of the happening of the accident at least up to March 27, 1953. The testimony of the shop steward of the bricklayers established as a fact in this case that, even though a beam had not been placed in this particular pocket, the bricklayers nevertheless placed unmortared loose bricks in this hole giving it the appearance of a solid way. Such a fact is implicit in the finding of the jury. The plaintiff charged the general contractor with negligence in that it failed to provide to him a safe place to work and a safe way or passage to a safe place to work, and charged the defendant subcontractor with negligence in that it actually created the dangerous condition which caused the injury to the plaintiff.

A serious question in this case, and one evidently decided by the jury, was whether the general contractor had notice of the existence of this condition. Its existence for at least a few days is presumed as a fact by reason of the jury's verdict. The court finds as a fact in this case in its decision in respect to the cross pleadings that the general contractor had only constructive notice of the existence of the dangerous condition. Implicit in the jury's verdict is a finding that the general contractor had notice. Whether this notice was actual or constructive cannot be deduced from the jury's verdict, but nevertheless the testimony, in the opinion of the court, is overwhelming, and leads to the conclusion only that constructive notice was proven.

The subcontractor submitted a brief in connection with its motion for dismissal of the cross complaint. It argues that both defendants were *in pari delicto*. The cases cited in the defendant's brief do not support that view. The case of *Sheffield* v. *Yager* (287 N. Y. 604) was one wherein the verdict established the fact that both defendants were active tortfeasors. In *Eifert* v. *United States Fidelity & Guar. Co.* (261

App. Div. 1081), the language used must be supplemented by reference to the Trial Term decision (177 Misc. 516), where it appears that this involved scaffolding. It is clear that cases involving violations of sections 240 and 241 of the Labor Law are distinguishable from those involving section 200 of the Labor Law. In the latter, questions of active and passive negligence may arise; in the former, violators thereof are all guilty of active negligence. Hence this case has no application to the problems herein involved.

*Scott* v. *Curtis* (195 N. Y. 424) involved an action by an owner of property to whom coal had been delivered by the defendant for judgment by way of indemnity, judgment against said owner having already been rendered in another action. Judgment by way of indemnification was sought for the very reasons which cogently argue for such disposition in the instant case. At page 428 Chase, J. said: " The liability of the owner of real property for injury to a passer-by for negligence in covering, or in failing to cover or guard such a hole in a sidewalk does not relieve the active or actual wrongdoers from the consequences of their acts. The liability to the passer-by is joint. As between themselves the active wrongdoer stands in the relation of an indemnitor to the person who has been held legally liable therefor * * * When an employee or independent contractor assumes the duty of performing an act which is dependent upon his personal care and attention and an injury arises by reason of lack of such care and attention such person is liable to the owner of the property if he is called upon to pay and does pay the damages arising from such negligence."

Judgment in that case was reversed and a new trial ordered because of failure of proof on the part of the plaintiff to show that her liability was passive and that of the defendant active.

In submitting to this court's consideration the case of *Falk* v. *Crystal Hall* (200 Misc. 979), it was argued that even if the owner of premises had mere constructive notice of the existence of a defective condition such notice would be sufficient to defeat him in an effort to obtain indemnity. However, that conclusion is reached only by way of obiter dictum, for on page 983 the court said: " It cannot be said that Crystal has established that it was no more than passively negligent or that Sinram was a primary, as distinguished from an initial, wrongdoer. Regarding the situation as it existed when Sinram left the scene, as the court must do, the conclusion is inevitable that there was concurrence by Crystal with actual knowledge in the Sinram negligence which produced the injury. There was on the part

of both defendants affirmative participation in the sense of failure to perform duty, and thus there was physical connection with the danger, rendering them *in pari delicto.*"

So, despite the lengthy discussion concerning the effects of constructive notice insofar as active and passive negligence is concerned, it is clear that in that case *in pari delicto* liability was supported by a finding of actual rather than constructive knowledge. It is true that the case was affirmed without opinion (279 App. Div. 1071), but that does not mean that the Appellate Division agreed with all of the reasoning in the opinion of the lower court. As stated in Carmody on New York Practice (Vol. 1, § 112): " Where a decision is upon appeal affirmed by the Court of Appeals without opinion, the legal conclusions stated in the opinion of the lower court making the decision are not necessarily adopted and approved. Only the right of the party to recover is decided, and the court is responsible only for that, and not for the reason given nor the opinion theretofore expressed."

Implicit in the opinion of the Appellate Division is merely a confirmation of the finding by the trial court that both of the defendants in that case were active tort-feasors and nothing more. The conclusion concerning that aspect of the decision is confirmed in *Ruping* v. *Great Atlantic & Pacific* (283 App. Div. 204, 207).

In *Kennedy* v. *Bethlehem Steel Co.* (282 App. Div. 1001), a defendant had placed lumber along the codefendant's tracks in such a manner that when the codefendant's train struck the lumber the plaintiff was caused to be injured by a flying piece thereof. The Appellate Division found that the proximate cause of the accident was the collision and nothing else and therefore that the codefendant, having caused the collision, was *in pari delicto* with the one who had placed the lumber along the tracks. Clearly there was a definite finding of *in pari delicto.*

*Employers' Liability Assur. Corp.* v. *Post & McCord* (286 N. Y. 254) is inapplicable because it involved a violation of section 241 of the Labor Law. *Adler* v. *Tully & Di Napoli Inc.* (300 N. Y. 662), again is inapplicable because it involved an assurance of safety by an employee of the general contractor, an element which is not present in the instant case.

The subcontractor has argued that there rested upon this general contractor an active primary duty of seeing that the place and ways were safe and cites in support of that contention the cases of *Wohlfron* v. *Brooklyn Edison Co.* (238 App. Div. 463, affd. 263 N. Y. 547) and *Caspersen* v. *La-Sala Bros.*

(253 N. Y. 491, 494). Those cases do not say that because there was not involved therein the question of active and passive negligence. Merely involved therein were actions in negligence against the respective defendants and questions of liability with respect to the common-law duties owed to persons lawfully upon the premises.

Confirmation of that fact in the *Wohlfron* case (*supra*), is obtained from an examination of Appellate Division Cases and Briefs of the Second Department for the month of February, 1933, wherein it affirmatively appears on page 22 of the record on appeal that the answer contained no claim for judgment over. The record in the *Caspersen* case indicates the same result.

On the other hand, the case of *Tipaldi* v. *Riverside Memorial Chapel* (273 App. Div. 414, affd. 298 N. Y. 686) supports the view that the general contractor in this case is entitled to judgment over. The plaintiff was struck by a falling plank from an overhead bridge or canopy covering the sidewalk adjacent to premises upon which a new building was being constructed by the defendant Riverside Memorial Chapel, Inc. The general contractor, J. Alexander Stein, Inc., sublet substantially all of the construction work but employed a superintendent to supervise the job and do other work, such as cleaning and disposal of waste materials and rubbish. There was no direct evidence as to the ownership of the plank or who placed the board in its precarious position. However, the proof established that the general contractor had employed persons to remove similar materials from the premises from time to time, and evidently the inference was permitted to be drawn that this was one of the pieces negligently left behind by the general contractor's employees. The jury returned a verdict in favor of plaintiff against the owner and the general contractor. The court said (p. 417): "The nature of the work which the owner of the property initiated was such as to charge the owner with the duty of reasonable care in its performance. With respect to pedestrians using the highway this duty was nondelegable in character. The proof in the case warranted the finding that the owner had at least constructive notice of the existence of a dangerous condition. Under the circumstances disclosed the owner was properly held liable to the plaintiff for negligence * * * The general contractor had a duty of general supervision over the work and was responsible for keeping the premises safe. The jury found that it failed to discharge this duty after actual or constructive notice of a hazardous condition. The verdict against the general contractor in the plain-

tiff's favor was likewise proper  *  *  *  The appeal from the dismissal of the cross claim of the owner against the general contractor presents a more troublesome problem.  By stipulation of the parties the questions arising in connection with the cross claim were reserved for decision by the trial court after rendition of the jury's verdict.  The cross claim was dismissed against the general contractor.  *  *  *  It was observed by the trial court that the case simply involved a question of common-law negligence on the theory of permitting a dangerous condition to exist in the public highway.''  On page 418 the court said:  '' The general contractor contends that the cross claim for indemnification was properly dismissed in view of the jury's finding that the general contractor and the owner were guilty of the same passive negligence.  The merits of this contention must be resolved by a determination of the question whether these defendants stand *in pari delicto*.  However, the mere fact that both parties may be guilty of negligence in law as to the person injured does not necessarily mean that the owner and the general contractor are *participes criminis* or *in pari delicto* as to each other.''  At page 420 it was said: '' While as to persons on the highway the owner in this case may not be heard to say that its duty to safeguard against a dangerous condition was delegated to another, nevertheless the general contractor had agreed with the owner to perform the task of carrying out the work of construction.  Between these parties the primary obligation to keep the premises free from danger to third persons undoubtedly rested on the general contractor.  This was a contractual duty assumed by the latter, and for which it was being compensated by the owner.  From the standpoint of their relative delinquency it would seem that the general contractor should be deemed a primary wrongdoer, whose failure or omission in the proper discharge of a contractual duty cast the owner in damages for the plaintiff's injuries.  The owner was liable only by reason of ownership of the property and for omission of a duty imposed by law, not because of its active interposition or personal participation in an affirmative act of negligence.  The general contractor should not be permitted to avoid its obligation to indemnify the owner on the plea that it was guilty of passive negligence in the same degree as the owner.  To accept this plea would be to allow the avoidance of responsibility for the nonperformance or breach of a contractual duty independently owing to the owner. We hold that the owner and general contractor are not *in pari delicto* and that the evidence sufficiently establishes the

liability of the general contractor to indemnify the owner for the damages imposed upon the latter by operation of law."

Thereupon the court reversed the judgment and directed judgment on the cross complaint in favor of the owner against the general contractor.

Bearing in mind that the general contractor in the instant case stands in the shoes of the owner in the *Tipaldi* case (*supra*) and that the subcontractor in the instant case stands in the shoes of the general contractor in the *Tipaldi* case and that the proven charge against the subcontractor was that it actively created a dangerous condition, it follows that in the instant case the court is compelled to grant judgment in favor of the general contractor against the subcontractor. The duty resting upon the general contractor to keep the premises safe was a non-delegable duty similar in effect to the common-law duty owed by the owner in the *Tipaldi* case. The duty not to actively create a dangerous condition, thereby casting the general contractor in damages, was violated by the subcontractor and hence is liable to the general contractor therefor.

Let judgment be entered on the cross complaint in favor of Stone Bar Associates Inc. against McHarma Construction Co. Inc. in the manner provided by law. The defendants are both granted thirty days' stay of execution and sixty days in which to make a case before appeal.