■ EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Appellant, v. EMPIRE CITY IRON WORKS, INC., Respondent.— In January, 1948, and for some time prior thereto, Consolidated Edison Co., Inc., owner and general contractor, was engaged in construction work at its gas plant in the Borough of The Bronx, City of New York. United Engineers & Constructors, Inc., was a subcontractor, as was Empire City Iron Works, Inc. On January 28, 1948, one McShane, an employee of Empire, was unloading a truck and was injured when a piece of fabricated steel fell and struck him, causing him to lose his right arm and to sustain other injuries. Empire was the owner of a hand winch which was installed on the roof and was being used by the employees of United, with the permission of Empire, to raise the fabricated steel. No barriers or warning signs had been placed on the ground below. When the steel had been lifted about 20 feet from the ground, a loud snap was heard, the handles of the winch flew out of the control of the employees of United, and the steel fell to the ground, turned over a few times and hit McShane. He thereafter commenced an action to recover damages for personal injuries against Consolidated and United, alleging in part that they were negligent in that they failed to take proper precautions and safeguards to prevent him from being struck by a load of iron or steel which was carelessly being raised by their employees and, further, in that they directed him to work under dangerous and unsafe conditions and failed to provide him with a safe place to work. Before McShane's action came to trial it was settled by the payment of $49,000 to him by the Employers' Liability Assurance Corporation, the insurance carrier of Consolidated and United, in their behalf. The carrier then brought this action against Empire City Iron Works, Inc., as subrogee of Consolidated and United, to recover the money paid in settlement of the McShane suit, upon the ground that they were passively negligent, while Empire was actively negligent (first cause of action) and, further, that Empire had agreed to indemnify Consolidated (second cause of action). The case was tried before the court without a jury. Empire rested at the end of Employers' case and moved to dismiss upon the ground, among others, that Employers' is not entitled to indemnification if there was no liability on the part of either United or Consolidated and if the money was voluntarily paid to buy their peace. The court found that the steel was caused to fall solely by reason of a negligent

and faulty weld made by an employee of Empire in the dog or pawl which snapped when the operators of the winch paused to rest, that the defect in the winch was not discoverable on reasonable inspection, that there was no contributory negligence on the part of McShane, and that the settlement based upon the injuries was reasonable. The trial court held, however, that in order to succeed Employers' had to show liability on the part of Consolidated and United to McShane, and held further that they owed him no duty, the violation of which had anything to do with the happening of the accident. Since in that view the payment in question was voluntarily made by Employers' in behalf of its insureds to buy their peace, the complaint was dismissed. The appeal is from the judgment entered thereon. Judgment reversed on the law and the facts, with costs, and judgment granted in favor of appellant as demanded in the first cause of action. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In the briefs it is agreed that there is no evidence of negligence on the part of United in the operation of the winch and that the only issue is whether the trial court's decision that Consolidated owed no duty to McShane, the violation of which had anything to do with the happening of the accident, is supported by the evidence. We find that there was such a duty. A general contractor, or owner acting as a general contractor, is under a duty to employees of a subcontractor to use reasonable care to provide a safe place to work (*Caspersen* v. *La Sala Bros.*, 253 N. Y. 491; *Wohlfron* v. *Brooklyn Edison Co.*, 238 App. *Div.* 463, affd. 263 N. Y. 547). In the instant case the proof shows that the place where the accident occurred was one of the places provided by Consolidated, the general contractor, as a safe place to work. The proof also shows that the winch was affixed to the roof of the building for a considerable time before the accident and that hoisting operations had taken place on days prior to the occurrence. Therefore, Consolidated was on *constructive* notice (the record does not show that it had actual notice) that a dangerous operation was being performed on its premises. It was foreseeable that if an object should fall from the hoist it would fall within a reasonable radius of the spot where it actually hit the ground and within the work area provided by Consolidated. Consequently, Consolidated was negligent in failing to guard the hoisting area by providing protective devices such as screens, barricades or warning signs (*Caspersen* v. *La Sala Bros., supra*; see, also, *Anderson* v. *McMullen*, 145 App. Div. 547, affd. 207 N. Y. 696; *Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 N. Y. 368; *Johnson* v. *Terry & Tench Co.*, 113 App. Div. 762). The general rule is that where tort-feasors are not *in pari delicto* a cause of action exists in favor of one guilty of passive negligence against another whose negligence was active (*Tipaldi* v. *Riverside Mem. Chapel*, 273 App. Div. 414, 418, affd. 298 N. Y. 686; *Scott* v. *Curtis*, 195 N. Y. 424, 428). The improper welding of the dog by respondent was, of course, an affirmative act of negligence. Under the circumstances disclosed, the failure of Consolidated to rope off or give due notice of the dangerous area was only passive negligence (*Kingsland* v. *Erie County Agric. Soc.*, 298 N. Y. 409, 432–433; *Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415, 421–423). Furthermore, before acquiescence in the continuance of a dangerous condition puts an indemnitee *in pari delicto*, the notice must be actual as distinguished from constructive. If it is merely constructive, the primary wrongdoer whose misconduct created the condition should indemnify the one who was passively negligent (*McFall* v. *Compagnie Maritime Belge*, 304 N. Y. 314; *Ruping* v. *Great Atlantic & Pacific Tea Co.*, 283 App. Div. 204, 207; *Soderman* v. *Stone Bar Associates*, 208 Misc. 864, affd. 3 A D 2d 680). It follows that appellant is entitled to be indemnified by respondent because the negligence of Consolidated was passive, whereas that of respondent

was active. Respondent argues that appellant is nevertheless not entitled to indemnity because, it is claimed, Consolidated is deemed an active tort-feasor (and primarily liable) by operation of statute, citing Industrial Code Rules 23–3.7 and 23–8.15.3 of the Board of Standards and Appeals, adopted pursuant to section 241 of the Labor Law. These provisions are inapplicable. There is nothing in the record to show that the accident happened on a sidewalk or passageway, or that McShane was under the load when it fell. There is no basis, therefore, for invoking the aforementioned rule 23–3.7, which provides for "sidewalk sheds * * * over * * * [a] sidewalk, passageway or walkway." Nor is rule 23–8.15.3 — which prohibits the lifting of loads over a person or permitting one to walk under a load — applicable. There is no proof that McShane walked under the load. Instead, the evidence is that he was struck by the steel frame after it had tumbled down and turned over a few times. Since the provisions cited by respondent do not apply, there is no basis for deeming Consolidated to be an active tort-feasor (*Soderman* v. *Stonebar Associates, supra*). Thus, it appears that the failure of Consolidated to furnish McShane with a safe place to work constituted passive negligence and that appellant, its subrogee, is entitled to indemnity from respondent, the active tort-feasor. In its brief appellant makes no claim that it is entitled to indemnity from respondent by reason of the above-mentioned indemnity agreement set forth in the second cause of action. Therefore, and in view of the foregoing, we have not considered that question on this appeal. Nolan, P. J., Beldock, Ughetta and Hallinan, JJ., concur; Murphy, J., dissents and votes to affirm, with the following memorandum: The injury was caused by a defective pawl. This was negligence of respondent, employer of the injured man. The winch had been installed and was being operated by respondent exclusively for its own work, save as used by United pursuant to private agreement with respondent. To render the location safe, at least as to its own employee, was the duty of respondent. The owner had no common-law or statutory (Labor Law, § 200) duty to make safe a place of work not provided by him (*Gambella* v. *Johnson & Sons*, 285 App. Div. 580). Nor was there any precaution the owner could have reasonably taken which would have served to prevent the accident. The owner, not being liable, cannot procure indemnification from respondent who may have paid to make compensation available to his injured employee.