KENNETH FARRELL, Plaintiff, *v.* GENERAL TELEPHONE CO. OF UPSTATE NEW YORK, Defendant and Third-Party Plaintiff-Respondent; F. A. TUCKER, INC., Third-Party Defendant-Appellant.

Third Department, December 22, 1967.

*Warner M. Bouck* and *Donald D. Gulling, Jr.,* for third-party defendant-appellant.

*William J. Stewart* and *Joseph Jacobs* for defendant and third-party plaintiff-respondent.

*Edward S. Stewart* for plaintiff.

GABRIELLI, J. This is an appeal from an order of the Supreme Court, Schenectady County, which denied a motion to dismiss the third-party complaint.

The third-party plaintiff (hereinafter referred to as "Telephone Co.") entered into a contract with the third-party defendant (hereinafter referred to as "Tucker") wherein it was provided that Tucker was to perform certain work for the Telephone Co. involving maintenance work and service upon the poles of the Telephone Co. including the removal of angle braces from the poles. It is alleged that while the plaintiff Farrell, an employee of Tucker, was working on one of the poles, his "boot hit a metal brace which had been disconnected from the cross-arm of the phone pole by an agent or employee of the defendant" and which "caused the plaintiff to slip, lose his balance and fall to the ground" resulting in the alleged injuries set forth in the main complaint which further alleged that the Telephone Co. was negligent "(a) in permitting the said cross-arm brace to remain unfastened from the cross-arm, and hanging down from the pole and adjacent to the pole constituting a hazard to the plaintiff and other persons lawfully upon said pole. (b) In failing to give the plaintiff adequate warning, or in fact any warning of the hazardous condition where he was working. (c) In failing to take the necessary precaution or in fact any precaution to avoid the accident as herein-alleged."

Paragraph "11" of the contract between the Telephone Co. and Tucker provided that: "The Contractor [Tucker] agrees to indemnify and save the Company [Telephone Co.] harmless from and against any and all claims, damages, demands, actions or causes of action, asserted by or for any employee of the Contractor * * * for personal injuries, deaths or property damage arising, or in any manner growing out of the work performed, or to be performed, under this agreement."

By the terms of the contract, the parties expressed, in unequivocal terms, their intent to absolve the Telephone Co. from its own negligence and Tucker agreed to indemnify the company against its own negligence as the agreement specifically provided that Tucker would save the company harmless from "any and all claims * * * asserted by * * * any employee of the Contractor". This can be interpreted to have but one intent, viz., that it was to impose liability over on the contractor for any negligent acts of the Telephone Co., whether such were active or passive. The provision with which we are here concerned is not like that construed in *Thompson-Starrett Co.* v. *Otis Elevator Co.* (271 N. Y. 36, 39) where the agreement provided that the subcontractor agreed to indemnify

the respondent "against all claims for damages to persons growing out of the execution of the work"; nor is it similar to the contract interpreted in *Kelly* v. *City of New York* (7 A D 2d 839) wherein it was provided "that the third-party defendant will assume full responsibility for any damage to property or injury to persons resulting from this privilege". In the contract before us, the language unequivocally expressed an intent to indemnify the Telephone Co. against its own negligence. The reluctance to impose liability in *Thompson-Starrett* and *Kelly* was justified for there was no such unequivocal expression of an intent to absolve from the party's own negligence whereas here, the only reasonable construction of the expression of "any and all claims * * * asserted by * * * any employee of the Contractor" is that the parties intended indemnity over even for any alleged negligence of the Telephone Co. involving employees of Tucker.

Although not necessarily determinative of the result herein, we would observe that the claimed negligence against the Telephone Co. in permitting the cross-arm brace to remain unfastened is the very thing that the plaintiff was expected to repair and the allegedly dangerous condition which caused the accident.

There is a further ground for holding that Special Term correctly denied the motion. An examination of the main complaint clearly reveals that it alleges not only active negligence but passive negligence as well when it charges the Telephone Co. with constructive notice of an alleged dangerous condition (*Employers' Liab. Assur. Corp.* v. *Empire City Iron Works,* 7 A D 2d 1012; *Soderman* v. *Stone Bar Assoc.* 208 Misc. 864, affd. 3 A D 2d 680); and in such instance, a claim-over "will be allowed if the original complaint can reasonably be interpreted as including an allegation of passive negligence on the part of the defendant * * *. If the then defendant is alleged to be guilty of both active and passive negligence, impleader of the person claimed to be guilty of active negligence is proper". (*Putvin* v. *Buffalo Elec. Co.,* 5 N Y 2d 447, 455.) (See, also, *Sheridan* v. *City of New York,* 27 A D 2d 833; 2 Weinstein-Korn-Miller, N. Y. Civ Prac., par. 1010.02.)

As we stated in *De Lilli* v. *Niagara Mohawk Power Corp.* (11 A D 2d 839, 840): "In the liberal view we are bound to give third-party pleadings, these allegations may be construed as charging passive negligence, or at least as sufficient to permit of proof which may be thus evaluated and classified, and, accordingly, in this case — which we deem clearly within the principles

and intendment of third-party practice — as sufficient to warrant recovery over ''. (See, also, *Coffey* v. *Dormitory Auth. of State of N. Y.*, 26 A D 2d 1.)

The order should be affirmed.

GIBSON, P. J., HERLIHY, AULISI and STALEY, JR., JJ., concur.

Order affirmed, with costs.