MARGARET ROONEY, as Administratrix of the Estate of JOHN ROONEY, Deceased, Respondent, *v.* BROGAN CONSTRUCTION COMPANY, Appellant.

### Assumption of risk — error in charge — Labor Law, § 20.

Plaintiff, while engaged in work which required him to visit frequently different parts of a building in process of construction and to know the condition of each floor, fell through an opening in one of the floors and was killed. The court, on request of defendant, charged that if decedent knew of the existence of certain conditions, which were briefly outlined, he assumed the risk as matter of law. The court added, "I charge that, with the qualification, however, that he must have appreciated all the dangers incident to that condition,- and if they find that he did know these facts and appreciated all the dangers incident to these facts, then, as matter of law, he assumed the risk." *Held*, that the qualification to the charge was error.

*Semble*, section 20 of the Labor Law (L. 1897, ch. 415), requiring that *contractors or owners* shall protect certain openings, imposes that duty only upon the person who has possession or control of the building except in case of joint control. *Held*, that this question was not presented by the request to charge and, therefore, would not be determined.

*Rooney* v. *Brogan Construction Co.*, 121 App. Div. 919, reversed.

(Argued December 7, 1908; decided January 5, 1909.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 22, 1907, unanimously affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, as far as material, are stated in the opinion.

*I. R. Oeland* and *E. Sidney Berry* for appellant. The Labor Law of this state did not require the defendant, under the facts of this case, to erect barriers around the openings in the floors of this building. (L. 1897, ch. 415, § 20 ; amd. L. 1899, ch. 192.)

*Gilbert D. Lamb* for respondent. The Labor Law of this state required the defendant, under the facts of this case, to

erect barriers around the openings in the floors of this build-
ing. (*Murray* v. *Dwight*, 161 N. Y. 301; *Drennen & Co.*
v. *Smith*, 115 Ala. 396; *Koch* v. *Zimmerman*, 71 App. Div.
288; *Smith* v. *Milwaukee*, 91 Wis. 360; *People* v. *Rice*, 138
N. Y. 151; *People* v. *Lytle*, 7 App. Div. 553; *Jackson* v.
*Topping*, 1 Wend. 388; *Townsend* v. *Read*, 10 C. B. [N. S.]
308; *Boyles* v. *McMurray*, 55 Ill. 236; *Risfeld* v. *Ken-
worth*, 50 Iowa, 389.) The court did not err in refusing to
charge as requested by defendant. (*People* v. *Stone*, 117
N. Y. 480; *Wallace* v. *R. R. Co.*, 138 N. Y. 302; *Boyle* v.
*Degnon*, 47 App. Div. 311; *Lewis* v. *R. R. Co.*, 162 N. Y.
52.)

GRAY, J.   The plaintiff brought this action for the recovery
of the damages sustained by her through the death of her
husband; which, as she alleges, was caused by the negligence
of the defendant in a failure to comply with the requirements
of the Labor Law of the state, that shafts, or openings, in
the floors of a building, in the course of construction, shall be
inclosed.   The defendant was engaged in constructing a
building of some ten stories in height upon its property,
through the instrumentality of various contractors.   In the
course of the work, a hod-hoisting machine, or elevator, was
installed in an opening in the floors, which extended from the
basement to the upper floor of the building, for the use of
any of the contractors, who might arrange therefor with the
hoisting company.   The deceased was in the employment of
one of the contractors and, for a few days before the occur-
rence of the accident, which resulted in his death, had been
engaged in keeping up fires in stoves, placed upon the differ-
ent floors for the purpose of preventing the fresh plaster
from freezing.   On the evening in question he came to the
ninth floor, in company with another workman, and, while in
the act of carrying a stove from one side of the floor to the
other, was observed to trip and to fall through the unguarded
opening, near which he was passing.   He fell to the cellar
and was killed.   The flooring of the ninth floor, at the time,

was not finished and the spaces between the joists, or beams, had been filled in with ashes, or cinders, of a dark color. The only light was furnished by two gasolene torches which the deceased and his companion were carrying. The duty of the deceased to keep up the fires in the stoves upon the several floors of the building, necessarily, required him to know the conditions of each floor. The case was submitted to the jury upon the questions of the defendant's negligence and of that of the deceased, and the plaintiff recovered a verdict. The judgment has been unanimously affirmed by the Appellate Division; but leave was given by that court to the defendant to appeal to this court. There are but two questions for our consideration and they relate to the correctness of rulings upon requests by the defendant for further instructions to the jurors, upon the conclusion of the charge. The court was asked to charge the jury " that if they find that he, (the deceased), knew the hole was there, and that he knew it was unguarded and knew the condition of the flooring around the hole, and exercised all ordinary care to have known it, then if he knew those facts, as matter of law, they must find he assumed ·the risk and cannot recover." The court ruled : " I charge that with the qualification, however, that he must have appreciated all the dangers incident to that condition, and if they find that he did know those facts and appreciated all the dangers incident to these facts, then, as matter of law, he assumed the risk." To this modification of the instruction requested exception was taken. In obedience to the instruction, as given, the jurors, in addition to finding that there was a knowledge of the facts stated, had to find, further, that the deceased must have *appreciated* the danger of such a situation. This was imposing a greater burden of proof upon the defendant than the court should sanction and, for the error in the ruling, we should order a new trial. Precisely why it was necessary to show that the deceased, when knowing the dangerous conditions under which his work had to be performed, must, also, have appreciated the danger, incident thereto, (which is, only, to say, possible from such an occurrence), is difficult to under-

stand.   To appreciate the danger incident to a condition of
things signifies that the danger is recognized and that possible
accidental consequences are justly estimated.   But knowledge
of the unguarded opening and of the condition of the flooring
about it, necessarily, involved recognition of the fact that
tripping near, and falling into, the opening might be attended
by results of a more or less fatal nature.   It is not shown that
the deceased was lacking in the possession of his senses and
that, in a sane mind, appreciation of danger can exist, as a
sentiment, apart from knowledge of the facts which exhibit
danger, I am unable to comprehend.   If the deceased knew
of the opening and of the imperfect flooring, he must have
appreciated the risk of a mis-step, when passing too close to
the former.   As the case was left by the ruling of the trial
court, the jurors were permitted to wander into a mental
speculation as to how far the burden of proof thus cast upon
the defendant had been borne, with the probable consequences
that the doubt upon the subject were better resolved in favor
of the plaintiff.

The defendant, also, requested the trial court to charge
that if the jury " find and believe from the evidence that the
Brogan Construction Company sublet all contracts for this
building, that then there would be no obligation on the part
of the Brogan Construction Company to erect any barriers
around it, (the opening in the floor)."   This request was
refused and an exception was taken by the defendant.   The
defendant, by this request, intended to raise the question
whether the duty rested upon it, under the circumstances, to
cause the openings to be inclosed.   Section 20 of the Labor Law
(L. 1897, ch. 415), provides that, " if elevating machines or
hoisting apparatus are used within a building in the course of
construction,   *   *   *   *   *the contractors or owners* shall cause
the shafts or openings in each floor to be enclosed or fenced in
on all sides by a barrier at least eight feet in height."   The argu-
ment is made by the appellant that, under the facts of the case,
the statutory duty devolved upon the contractors, to whom the
work of construction had been sublet, and that it was not the

legislative intent to require the owner to erect the barriers, unless he had exclusive charge and control of the building. Whether, from the language used, the legislature intended that the duty of such protection should rest upon both owners and contractors, irrespective of the question of the control of the building, in my opinion, is open to grave doubt. If the question were actually presented by this case, I should hesitate to hold that proposition. It would seem the more reasonable construction of the statute to hold that the statutory duty was imposed only upon the person, who had the possession and control of the building, and that the duty was jointly imposed, only, where both owner and contractor could exercise control. The use of the disjunctive particle " or " suggests a possible alternative. If the work was being performed by an independent contractor, whose contract gave him the exclusive control of the building until completed, I should doubt whether the owner was intended to be held responsible for a compliance with the requirements of the Labor Law. But I do not think that the request presented the question and, therefore, we should not determine it. The request does not embody, in its terms, the fact of an exclusive control by the contractors and the evidence leaves it in considerable doubt whether the defendant, as the owner, ever did part with its control and supervision of the building. Indeed, it is open to the inference that such was not the case.

For the reason given, I advise that the judgment appealed from should be reversed and that a new trial should be ordered of the issues in the action ; with costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WERNER and HISCOCK, JJ., concur; WILLARD BARTLETT, J., not sitting.

Judgment reversed, etc.