IRENE MCNAMARA, as Administratrix of the Estate of EDWARD B. MCNAMARA, Deceased, Appellant, v. EASTMAN KODAK COMPANY et al., Respondents.

Negligence — Labor Law — master and servant — duty of master to plank over floor girders of iron and steel buildings while in progress of construction — death of workman employed by contractor caused by fall through insufficient floor — when corporation owning and itself erecting the building liable for death of such workman.

1. A few scattered boards left here and there across the girders of the floor of a building in course of construction, leaving open and unguarded a ventilating shaft, not used for hoisting material, is not a sufficient compliance with the statute (Labor Law, § 20; Cons. Laws, ch. 31) requiring that iron and steel beams shall be thoroughly planked over.

2. Where the owner, a corporation, was itself erecting the building, and retained control and supervision thereof, it was not relieved from the duty of compliance with the statute, and where the supervising engineer of the owner required certain work to be done, and a foreman employed by the steel contractor directed plaintiff's intestate to do the work, and he, while engaged therein, fell through the uncovered ventilating shaft, the corporation owning and erecting the building is liable for his death resulting therefrom.

*McNamara v. Eastman Kodak Co.*, 169 App. Div. 914, reversed.

(Argued January 22, 1917; decided February 27, 1917.)

APPEAL from a judgment, entered June 3, 1915, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department overruling plaintiff's exceptions, ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial and directing judgment for defendants on a nonsuit granted at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis M. King* and *Eugene J. Dwyer* for appellant. The floor beams of the sixteenth floor, including the opening where the duct was to be placed, should have been thoroughly planked over at the time of the accident. (L. 1909, ch. 36, § 20; *Drummond* v. *Norton,* 156 App. Div. 126.) Under section 20 of the Labor Law the obligation to keep the sixteenth floor planked over rested upon the Eastman Kodak Company. (*Bohnhoff* v. *Fischer,* 210 N. Y. 172; *Rooney* v. *Brogan Const. Co.,* 194 N. Y. 32.)

*Clarence B. Moser* for respondents. The failure of the Eastman Kodak Company to cause the tier of beams on the sixteenth floor to be planked over was not the proximate cause of the accident. (*Drummond* v. *Norton,* 156 App. Div. 126.) The statute requires the planking over of the tier of beams " on which the structural iron or steel work is being erected." The sixteenth floor had been completed. No structural iron or steel work was being erected thereon at the time that the accident occurred, and, therefore, that tier of beams was not required by the statute to be planked over. (*Drummond* v. *Norton,* 156 App. Div. 126.) Section 20 of the Labor Law imposed no obligation or liability on the Eastman Kodak Company. (*Koch* v. *Fox,* 71 App. Div. 288; *Rooney* v. *Brogan Construction Co.,* 194 · N. Y. 32; *Joyce* v. *C. A. Const. Co.,* 155 App. Div. 586; *City of Rochester* v. *Campbell,* 123 N. Y. 405; *Lee* ·v. *S. S. Mfg. Co.,* 115 App. Div. 589; *Fuchs* v. *Schmidt,* 8 Daly, 317; *Moore* v. *Gadsden,* 93 N. Y. 12.)

Cardozo, J. This is an action for injuries resulting in death.

In August, 1912, the defendant was the owner of a sixteen-story office building then in course of construction in the city of Rochester. An architect in the general service of the defendant prepared the plans and

specifications; an engineer in the same service supervised the work. There was no general contractor. Separate contracts for separate parts of the work went to separate contractors. The contract for the steel work was given to one Mullen, and Mullen employed McNamara, the plaintiff's intestate.

On August 9, 1912, Flint, the defendant's engineer, complained that rivets were falling on the bricklayers below. He refused to allow the steel work to go on until a canopy was built and the bricklayers were protected. To enforce this direction he cut off the supply of steam. A foreman employed by the steel contractor ordered McNamara and other men to take up the boards that lay across the girders on the sixteenth floor and use them to build the canopy. While McNamara was lifting a board he fell through a ventilating shaft to his death. His administratrix has sued the owner. The trial judge dismissed the complaint, and the Appellate Division by a divided court sustained his ruling.

The statute says that iron and steel beams shall be thoroughly planked over while the iron and steel work is in progress (Labor Law, § 20; Consol. Laws, ch. 31). There is evidence from which a jury might have found that this mandate was not obeyed. A few scattered boards were left here and there across the girders of the floor, and that is all. In particular, a ventilating shaft or duct not used for hoisting material was left open and unguarded. It was through this shaft that McNamara fell. His death was due, if the plaintiff's evidence is to be credited, to the omission to supply the statutory safeguards. The defendant argues that the statute does not apply where sufficient planks have been laid, and the act of removal creates the danger (*Drummond* v. *Norton Co.*, 156 App. Div. 126, 131). But that is not the situation which the plaintiff's evidence reveals. These scattered planks were not the flooring contemplated by the statute. McNamara did not create the danger by removing them.

The danger existed when his work began.  He fell through a shaft which had never been covered at all. This is not a case where a workman has been injured in demolishing a flooring which has served its purpose.  It is a case on the plaintiff's evidence where there never was a flooring, and, therefore, nothing to demolish.  To such a situation the statute is clearly applicable.

The defendant says, however, that the duty of compliance with the statute is the contractor's and not the owner's.  The language of the statute (Labor Law, § 20) is: " The contractors for the iron or steel work of buildings in course of construction or the owners of such buildings " shall thoroughly plank over the entire tier of beams.  We considered a like statute in *Rooney* v. *Brogan Construction Co.* (194 N. Y. 32).  We left open the question whether an owner who had given over exclusive control to contractors remained chargeable with a duty to provide the statutory safeguards.  We held, however, that an owner who never parted with control and supervision of the building was still subject to the duty. That was the position of the owner now before us.  The defendant had possession of the building.  It had an architect and superintendent in charge of the work.  It not only retained the right to control the manner of performance; it exercised the right.  This is seen in the superintendent's direction to the contractor to supply a canopy and his refusal to furnish steam until the command was obeyed.  He had the power and the opportunity to require a flooring to be laid.  The defendant must answer for his failure to avail himself of the opportunity and to exercise the power.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Hiscock, Ch. J., Chase, Collin, Cuddeback, Hogan and Crane, JJ., concur.

Judgment reversed, etc.