KATARYNA LOTOCKA, as Administratrix of the Estate of
ALEX LOTOCKA, Deceased, Respondent, *v.* ELEVATOR
SUPPLIES COMPANY et al., Appellants, Impleaded with
Another.

**Negligence — building — elevators — duty of owner of build-
ing in course of construction, if in possession and control, to
guard elevator shafts — liable for death of workman who falls
through unguarded opening — contractor for portion of work;
whose workmen broke and removed elevator door, but who
was not in possession or control of building, not liable.**

1. Under section 241 of the Labor Law (Cons. Laws, ch. 31) the
owner of a building in course of construction, who is in possession and
control thereof, is required to guard openings to elevator shafts.
Such an owner, therefore, is liable for the death of a workman, who,
stumbling over a pile of rubbish in the dark, falls through an unguarded
opening in an elevator shaft from which the door, broken by employees
of a contractor, had been removed by them fifteen days before,

immediate notice having been given to the owner that the door was broken.

2. No statutory duty to guard the opening rested upon the contractor, whose employees removed the door, where its contract was simply for the installation of signals and door closers. It was not engaged in constructing and did not have possession and control of the building. It was, therefore, improper to hold it jointly liable.

*Lotocka* v. *Elevator Supplies Co.*, 220 App. Div. 705, modified.

(Argued October 29, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*John F. Loughran* and *Robert H. Charlton* for Elevator Supplies Company, appellant. The trial court erred in directing the jury that any duty was imposed by subdivision 5 of section 241 of the Labor Law upon defendant, Elevator Supplies Company, a subcontractor. (*Rooney* v. *Brogan Constr. Co.*, 194 N. Y. 32; *McNamara* v. *Eastman Kodak Co.*, 220 N. Y. 180.)

*Theodore H. Lord* and *James B. Henney* for appellant. The court erred in charging the jury that it was the duty of this appellant, the owner, to make this place safe. (*Dingley* v. *Starr Knitting Co.*, 134 N. Y. 552; *Harley* v. *Buffalo Car Mfg. Co.*, 142 N. Y. 31; *Citrone* v. *O'Rourke*, 188 N. Y. 338.)

*Leonard F. Fish* and *Moses Feltenstein* for respondent. The defendant Geo-Ted Realty Corporation is clearly liable to the plaintiff in this case under common-law principles and under the provisions of section 241 of the Labor Law and section 196 of the Building Code. (*Peloso* v. *City of New York*, 210 App. Div. 265; *Kenny* v. *Hall Realty Co.*, 85 Misc. Rep. 439; *Imaley* v. *Thatcher*,

144 App. Div. 710; *Bohnhoff* v. *Fisher,* 210 N. Y. 172; *Parker* v. *Baimont,* 135 Mass. 116; *Racine* v. *Morris,* 136 App. Div. 474; *Stevenson* v. *Wilson Co.,* 102 App. Div. 477; *McRickard* v. *Flint,* 114 N. Y. 222; *Houston* v. *Dobson,* 138 App. Div. 810; *McEwen* v. *Bordon,* 154 App. Div. 185; *Kemmirle* v. *Carey Printing Co.,* 160 App. Div. 893; *Porcella* v. *Mutual Res. Fund,* 50 App. Div. 158; *Ford* v. *Wanamaker,* 165 App. Div. 284; *Smith* v. *N. Y. & Queens Co. E. L. & P. Co.,* 166 App. Div. 888.)

KELLOGG, J.     This action was brought by the administratrix of Alex Lotocka to recover damages for his death. Lotocka, while at work on the ninth floor of a building, which was in process of erection, fell through an open and unguarded doorway of an elevator shaft, and, dropping to the bottom of the shaft, sustained such injuries that he died.     The defendant Geo-Ted Realty Corporation was erecting the building upon premises owned by it.     It had parcelled out the work of construction to various contractors.     It had assigned to the Gurney Elevator Company, named but apparently not prosecuted as a defendant, a contract for the installation of elevators in five elevator shafts of the building.     That company had completed its work, including the installation of all the doors to the elevator openings in the five shafts.     There had been awarded to the defendant Elevator Supplies Company a contract for the installation of elevator signals and door closers for the various elevators in the building.     In making its installation that company used the installed elevators as movable scaffolds from the top of which its men might work.     On or about November 13, 1925, it was causing the elevator in shaft No. 5 to be moved to floor number nine when the top of the elevator struck the door to the opening at that floor and broke it from one of its hangers.     An employee of Elevator Supplies Company removed the door and placed it on its side across the opening.     Immediate notice was

given by that company to the defendant Geo-Ted Realty Corporation that the door to shaft No. 5 had been broken from its hanger. There had been awarded to the Greenfield Iron Works, the employer of Lotocka and his fellow workman, Janowsky, a contract for the installation of iron plates in the elevator shafts. On November 28, 1925, at about two o'clock in the afternoon, Lotocka and Janowsky went to work for their employer on floor nine. At this time the door, which had blocked the opening to shaft No. 5, had been removed. According to some of the proof the opening had been unguarded by any barrier for more than ten days. Lotocka and Janowsky engaged themselves in the work of placing iron sheeting in shafts Nos. 3 and 4. When it became dark they obtained light for their work from electric bulbs attached to extension wires running from a wall fixture. They worked until about 9:30 P. M., when they got ready to leave for the night. They placed their tools in the toilet which was within three feet of shaft No. 5. Lotocka detached one of the electric wires from the fixture, rolled it up and started for the toilet for the purpose of storing the wire for the night. There was a pile of rubbish in front of shaft No. 5, which was about eighteen inches high and three feet wide. Lotocka, in the course of his journey, tripped on the rubbish pile, and, falling to the floor, rolled over through the unguarded opening to shaft No. 5. Neither Lotocka nor Janowsky had performed any work on shaft No. 5. There is proof that the elevator in that shaft had been used for bringing up tools and materials for work to be done in the several shafts. A verdict in favor of the plaintiff, on account of the death of Lotocka, against the defendants Geo-Ted Realty Corporation and Elevator Supplies Company was returned. The two defendants have each appealed from the judgment against them entered upon the verdict.

It is provided in section 241 of the Labor Law (Cons. Laws, ch. 31) as follows: "Protection of employees on

building construction work.    All contractors and owners, when constructing buildings, shall comply with the following requirements:    *    *    *    5. If elevators, elevating machines or hod-hoisting apparatus are used within a building in the course of construction, for the purpose of lifting materials to be used, the shafts or openings in each floor shall be inclosed or fenced in on all sides by a barrier of suitable height, except on two sides which may be used for taking off and putting on materials, and those sides shall be guarded by an adjustable barrier not less than three nor more than four feet from the floor and not less than two feet from the edges of such shafts or openings." It is undisputed that the opening to shaft No. 5, through which Lotocka fell, was not guarded by a barrier, as required by the provision cited. The Geo-Ted Realty Corporation was the owner of the premises, and was in possession and control of the building thereupon which was in the course of erection. It employed a construction superintendent " to see that the contractors did the work they were required to do under the direction of the architect " and " to see that the work was properly performed according to the Building Code and Labor Law." Under these circumstances it was the clear duty of the Geo-Ted Realty Corporation, under the statute, to guard the opening to the shaft. (*McNamara* v. *Eastman Kodak Co.,* 220 N. Y. 180.) It seems equally clear that no such duty rested upon the Elevator Supplies Company. That company was not engaged in " constructing " buildings. It did not have possession and control of the building. It had no authority or control over elevator shaft No. 5. In *Rooney* v. *Brogan Construction Co.* (194 N. Y. 32, 36) this court said that " the statutory duty was imposed only upon the person, who had the possession and control of the building, and that the duty was jointly imposed, only, where both owner and contractor could exercise control." Under the authorities cited the Geo-Ted Realty Corporation was properly held liable for the death of Lotocka,

whereas the Elevator Supplies Company, which was blameless, was improperly held liable. The erroneous rulings of the trial judge did not affect the substantial rights of the Geo-Ted Realty Corporation, and should, therefore, be disregarded.

The judgment should be affirmed with costs as to the defendant Geo-Ted Realty Corporation, and reversed as to the defendant Elevator Supplies Company, as to which defendant the complaint should be dismissed, with costs in all the courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Judgment accordingly.