JOHN F. SMITH, Plaintiff, *v.* MATTHEWS CONSTRUCTION CO., INC.,
Defendant.

Supreme Court, New York County, April 21, 1930.

*Speiser & Speiser* [*Joseph Speiser* of counsel], for the plaintiff.

*William A. Earl,* for the defendant.

COLLINS, J. This action for personal injuries received during
the course of construction of a building is brought against the general
contractor by an employee of the elevator subcontractor. While
the plaintiff was in the center of the elevator shaft at about the
seventh or eighth floor sitting on some planks laid across the shaft-
way, and engaged in untying a chain fall which had been used for
hoisting certain machinery through the shaftway, he was struck
on the head by a brick and sustained injuries. The testimony is
that the shaftway was clear and uncovered from the point of the
accident up to about the fifteenth floor, at which latter point there
was a covering in the form of a plank across the shaft, and there were'
some bricks alongside a hole in the covering. The plaintiff advances

the inference that the brick which struck him came from this upper point. The complaint alleges that the defendant "had charge, control and management of the mason and brick work," and charges the defendant with common-law liability, as well as the violation of section 241 of the Labor Law and section 196 of the Building Code of the City of New York. Even if the ordinance and statute be applicable, there is no proof that the accident occurred as a consequence of their non-observance. The source of the offending brick is not satisfactorily accounted for. Whence it emanated is a matter of conjecture. There is no proof that the defendant had or exercised control over the brick, or as to the duration of the attacked condition; nor does it appear that the defendant had notice, actual or constructive, of such condition. The plaintiff attempted to show that the defendant maintained a superintendent on the premises, but there is no convincing proof that the person sought to be clothed with superintendence was employed by the defendant or that he actually was or functioned as superintendent or, if he was superintendent, that he took any part in the performance of the work other than that of general supervision; nor is there any proof of active participation by him in any affirmative act of negligence complained of.

" It is now well settled that the owner of premises who contracts for the erection of a building thereon owes no duty of active vigilance to protect the employees of one contractor from the negligence of those of another, and that to the employees of the various contractors the only liability on the part of the owner in such case is for some affirmative act of negligence on his part, as by taking some part in the performance of the work other than such general supervision as is necessary to insure its performance in accordance with the contract. (*Hawke* v. *Brown*, 28 App. Div. 37; *Hexamer* v. *Webb*, 101 N. Y. 377; *Engel* v. *Eureka Club*, 137 id. 100; *Silverman* v. *Binder*, 130 App. Div. 581; *Burke* v. *Ireland*, 26 id. 487; 166 N. Y. 305; *Potter* v. *Gilbert*, 130 App. Div. 632; affd., 196 N. Y. 576.) " (*Joyce* v. *Convent Ave. Construction Co.*, 155 App. Div. 586, 589.)

*Lotocka* v. *Elevator Supplies Co.* (246 N. Y. 295), urged by the plaintiff as controlling here, is no pattern for the present case. There the deceased stumbled over some rubbish in the dark and fell into an unguarded elevator shaft on which he had performed no work and the door to which had been removed by an employee of a contractor. About two weeks before the accident notice of this unguarded condition had been given to the owner who was engaged in erecting the building, who was in possession and control thereof, and who employed a construction superintendent " to see that the

contractors did the work they were required to do under the direction of the architect" and " to see that the work was properly performed according to the Building Code and Labor Law."

The plaintiff has received $3,000 from the brick subcontractor for these same injuries. The testimony concerning the nature, extent and permanency of the injuries, and their effect on his earning capacity, is somewhat indefinite.

As the plaintiff has failed to sustain the burden the law casts upon him, verdict is directed for the defendant.