OLAF CASPERSEN, Appellant, v. LA SALA BROTHERS, INC., Defendant, and OMAHA REALTY COMPANY, INC., Respondent.

(Argued April 7, 1930; decided May 6, 1930.)

492

*Mansfield Ferry* for appellant. The defendant owed the plaintiff a duty to use reasonable care for his protection. (*DeLee* v. *Pardy Constr. Co.*, 249 N. Y. 103; *Besner* v. *Central Trust Co.*, 230 N. Y. 359; *Kenny* v. *Hall*, 85 Misc. Rep. 439; *Alexander* v. *City of New York*, 194 App. Div. 161; *Shanahan* v. *Crestonia Constr. Corp.*, 207 App. Div. 680; *Ward* v. *Hill*, 125 App. Div. 587; *Thomas* v. *Solvay Process Co.*, 216 N. Y. 265; *Newall* v. *Bartlett*, 114 N. Y. 399.) There was evidence of a violation of duty which should have gone to the jury. (*Sackheim* v. *Pigueron*, 215 N. Y. 62; *Thomas* v. *Solvay Process Co.*, 216 N. Y. 265; *Faber* v. *City of New York*, 213 N. Y. 411; *Sundheimer* v. *City of New York*, 178 N. Y. 495; *Hughes* v. *Harbor & Suburban Building & Savings Assn.*, 131 App. Div. 185.) The trial court erred in excluding testimony which tended to show notice to the defendant of a continuing and inherently dangerous condition in the building under its control, and the ordinary and usual precautions taken by other contractors in similar situations. (*DeMilt* v. *Hart*, 235 N. Y. 464; *Bassett* v. *Fish*, 75 N. Y. 303; *Egelston* v. *New York, Chicago & St. Louis R. R. Co.*, 205 N. Y. 579; *Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543; 1 Wigmore on Evidence [2d ed.], § 461.)

*Walter G. Evans* and *Grattan B. Shults* for respondent The owner or general contractor for the erection of a building owes no duty of active vigilance to protect the employees of one contractor from the negligence of another, and is only liable for some affirmative act of negligence. (*Moore* v. *Wills*, 250 N. Y. 426; *Engel* v.

*Eureka Club,* 137 N. Y. 100; *Murphy* v. *Altman,* 28 App. Div. 472; *Callan* v. *Pugh,* 54 App. Div. 545; *Hogan* v. *Arbuckle,* 73 App. Div. 591; *Doremus* v. *Auerbach,* 176 App. Div. 512; 223 N. Y. 709; *Sartirana* v. *N. Y. C. Nat. Bank,* 139 App. Div. 597; *Joyce* v. *Convent Ave. Constr. Co.,* 155 App. Div. 586; *Silverman* v. *Binder,* 130 App. Div. 581; *Duggan* v. *National Constructors & Engineers,* 223 App. Div. 163; *Phillips* v. *Roth,* 160 App. Div. 792; *Hexamer* v. *Webb,* 101 N. Y. 377.) The trial court was correct in excluding testimony that debris had fallen down the shaft on other occasions. (*Wooster* v. *Broadway & 7th Ave.,* 72 Hun, 197; *Zucker* v. *Whitridge,* 205 N. Y. 50; *Warner* v. *N. Y. C. R. R. Co.,* 44 N. Y. 465; *Flanagan* v. *Brown,* 211 App. Div. 694.)

CARDOZO, Ch. J. Plaintiff, a servant of the Otis Elevator Company, was installing an elevator in a building then in course of construction. Beside the elevator well was a shaft for a stairway. The shaft was not visible, however, on the ground floor where the plaintiff was at work, except by lifting up one's eyes and looking to the floors above. There was nothing to mark its presence to the casual observer. Far up in the shaft, on the t nth or eleventh floor, masons, working on a scaffold, were using tiles and bricks. One of the bricks, falling from the scaffold, struck the plaintiff on the head while he stood beneath the shaft, intent upon his work. In this action for damages, two defendants have been joined. One, La Sala Brothers, Incorporated, a subcontractor for the mason work, was the employer of the bricklayers. The other, Omaha Realty Company, Incorporated, the owner of the building, was in substance a general contractor, maintaining general supervision through a superintendent on the scene. Evidence was excluded that bricks had fallen down the shaftway on previous occasions. Evidence was excluded also that protective devices such as screens or warning signs were customary safeguards.

There was a verdict against the subcontractor, and a dismissal of the complaint against the owner. From the affirmance of the dismissal, this appeal has been allowed.

We think the owner of the building, acting as general contractor, was under a duty to the plaintiff to use reasonable care in maintaining the approaches to the elevator in a condition of reasonable safety, and is answerable in damages if the duty was ignored. Liability is not defeated by the fact that the plaintiff was a servant of a subcontractor, and not a servant of the owner. He had come into the building in furtherance of the owner's business, and was using ways and approaches necessary or suitable to enable him to go forward with his work. In such circumstances the duty of protection is independent of the relation of servant and employer. This was so at common law (*Coughtry* v. *Globe Woolen Co.,* 56 N. Y. 124.) It is so to-day under the statute (Employers' Liability Law [Laws of 1921, ch. 121], § 2; Cons. Laws, ch. 74; Labor Law, § 200; Cons. Laws, ch. 31: *Hess* v. *Bernheimer & Schwartz Brewing Co.,* 219 N. Y. 415, 418). " If an employer enters into a contract, written or verbal, with an independent contractor to do part of such employer's work, or if such contractor enters into a contract with a subcontractor to do all or any part of the work comprised in such contractor's contract with the employer, such contract or subcontract shall not bar the liability of the employer for the injuries to the employees of such contractor or subcontractor, caused by any defect in the condition of the ways, works, machinery, or plant, if they are the property of the employer or are furnished by him, and if such defect arose, or had not been discovered or remedied, through the negligence of the employer, or of some person intrusted by him with the duty of seeing that they were in proper condition " (Employers' Liability Law, *supra*). The defendant is not chargeable with the negligence of the

masons, the servants of the subcontractor. It is chargeable with its own negligence in faˈlng to guard the ways against perils unknown to the worker. The precedents are decisive (*DeLee* v. *Pardy Constr. Co.*, 249 N. Y. 103; *Mortensen* v. *Magoba Constr. Co.*, 248 N. Y. 577; *Flanagan* v. *Ley & Co.*, 241 N. Y. 607; *McNamara* v. *Eastman Kodak Co.*, 220 N. Y. 180, 183; *Hess* v. *B. & S. B. Co.*, *supra*; *Garland* v. *Townsend*, 217 Mass. 297).

We are not unmindful of the fact that dangers must often be tolerated in a building in process of erection, though needless and so intolerable if permitted in the finished structure. Very often they are obvious, and, if not obvious, inevitable. In the striving after safety, owner or contractor is not required to go beyond the bounds of what is practicable and reasonable (*Murphy* v. *Altman*, 28 App. Div. 472, 474; *Doremus* v. *Auerbach*, 176 App. Div. 512, 516; 223 N. Y. 709). This does not mean, however, that there will be enjoyment of a like immunity where the dangers are obscure to the worker and easily corrected. Reasonable men might not unreasonably say that it was a peril of this order that laid the plaintiff low.

We think there was error in the dismissal of the complaint. We think there was error also in the exclusion of testimony affecting the measure of the risk and the means available to avoid it.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted with costs to abide the event.

POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgments reversed, etc.