FRIDA VOLLSTEDT, Administratrix, etc., of RUDOLPH VOLLSTEDT, Deceased, Appellant, *v.* JOSEPH A. MOLLAR, INC., and Another, Respondents.

Second Department, June 30, 1933.

*Joseph M. Dreyer* [*Louis O. Van Doren* with him on the brief], for the appellant.

*William B. Davis*, for the respondent Joseph A. Mollar, Inc.

*Benjamin C. Loder*, for the respondent Belcar Construction Corporation.

PER CURIAM. On September 12, 1928, Rudolph Vollstedt was an employee of the Micwiel Company, a subcontractor in the construction of a ten-story apartment house on West Fifty-eighth street, New York city. The general contractor was defendant Joseph A. Mollar, Inc.; and defendant Belcar Construction Corporation was a subcontractor engaged in carpentry work. The Micwiel Company was engaged in masonry work. On the date stated, several of the employees of the Micwiel Company were engaged on the fifth floor in clearing up rubbish. Vollstedt fell through an unguarded opening in the service elevator shaft, sustaining injuries which caused his death a few days later. This action is brought by the administratrix to recover damages for the alleged negligence of the general contractor and the Belcar Corporation in failing to keep the elevator shaft guarded as the statute and ordinance require. (Labor Law, § 241, subd. 5; Building Code, § 196.*)

The alleged liability of the Belcar Corporation is founded on a contract wherein the subcontractor undertook " to provide and maintain protection for: * * * 2. All well holes and shafts; * * * 4. All temporary elevator doors." In an addendum to the contract it was provided as follows: " Protection to be supplied and installed for granite, stone, wellholes and shafts, * * * all in accordance with specifications."

It is the claim of the Belcar Corporation that the second provision modified the first in respect to its duty of maintenance and that the only duty cast upon it was that of supplying and installing protection. The distinction is not clear upon the reading of the contract. To begin with, there is no proof that protection was ever supplied and installed. Furthermore, there was no proof that in the practical construction of the contract this defendant became relieved of its original duty to maintain protection for the elevator

---

* Code of Ordinances of City of New York, chap. 5, art. 10, § 196 — [REP.

shaft. In fact, after the complaint was dismissed as to the Belcar Corporation, its superintendent testified as a witness for Mollar, Inc., that it was a part of his job to see that protection was around all the openings; and if the protection was removed it was his duty to put it back. Having contracted either to supply and install protection or to maintain such protection, a duty and obligation rested on this defendant in respect to workmen, which, if not performed, made explanation of the reason therefor imperative. " It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all." (*Glanzer* v. *Shepard*, 233 N. Y. 236, 239.)

The motion for a nonsuit was granted on the authority of *Lotocka* v. *Elevator Supplies Co.* (246 N. Y. 295). The facts in that case are entirely dissimilar from those of the instant case. In the *Lotocka* case the elevator company was not engaged in construction and did not have possession and control of the building, and it had not undertaken by contract, nor was it charged by statute with the duty of guarding the opening. It was, therefore, error to dismiss the complaint as to this defendant.

The fact that the general contractor had made an agreement with another to furnish protection to the elevator shaft did not relieve it of its primary and non-delegable duty. Ordinarily, the plaintiff would be bound by the verdict of the jury on questions of negligence and contributory negligence. In this case it would not be in the interest of justice to grant a new trial as to the Belcar Corporation and permit Mollar, Inc., to go unscathed. This is particularly true in view of the course the trial took. The questions of legal liability on the part of the general contractor were not submitted to the jury in a clear statement of the principles applicable, so that they could pass on definite issues presented. In a case of this nature it is not enough to submit the question of liability for negligence with general instructions applicable only to familiar situations and based on principles of ordinary care. " There must be something definite and tangible that takes the question out of the realm of surmise and speculation." (*Scott* v. *Delaware, Lackawanna & Western R. R. Co.*, 222 App. Div. 409, 412.) Here a positive duty of protection was imposed by statute on the general contractor. So far as it appears, that duty was never properly performed. If performance was excused by circumstances arising in the course of the work, the jury were entitled to instructions definitely stating the primary duty and the circumstances under which the failure to perform it occurred, furnishing legal excuse for non-performance at the time.

Furthermore, prejudicial error occurred in respect to the admission

of the evidence of Pape, an inspector for the Labor Department, and the comment of the court thereon when the plaintiff took an exception. The interests of justice require a reversal as to defendant Joseph A. Mollar, Inc.

The judgment should be reversed on the law and in the interest of justice, and a new trial granted, costs to abide the event.

LAZANSKY, P. J., YOUNG, SCUDDER, TOMPKINS and DAVIS, JJ., concur.

Judgment reversed on the law and in the interest of justice and a new trial granted, costs to abide the event.