FRANCES HOGAN, Respondent, v. NATIONAL SELLERS, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the Application of THE INCORPORATED VILLAGE OF ISLAND PARK, Appellant, for a Certiorari Order, against WILLIAM E. HOWARD and Others, as and Constituting the Zoning Board of Appeals of The Incorporated Village of Island Park; and CHARLES BECKMANN, as Executor, etc., of WILLIAM BECKMANN, Deceased, Respondents.— Motion for reargument or for resettlement or modification of the order of reversal made herein denied, with ten dollars costs. [See ante, p. 750.] Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

SAMUEL KORB, Respondent, v. BROOKLYN EDISON COMPANY, INC., Appellant.— Motion for reargument denied, with ten dollars costs. Motion for modification of order of reversal so as to provide for a new trial denied. [See ante, p. 799.] Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY SCHECTMAN, Alias HENRY FREIDMAN, Appellant.— Motion for reargument denied. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

MABEL ROONEY, Respondent, v. WILLIAM F. ROONEY, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

TOM ANDERSON, Respondent, v. 143 LINDEN BOULEVARD CORPORATION, Appellant, and Others, Defendants.— In an action for damages for personal injuries sustained by plaintiff who, while engaged in his work as a carpenter, fell from a fourth-story brick wall of a building under construction, judgment against appellant 143 Linden Boulevard Corporation reversed on the law and the facts and a new trial granted, with costs to abide the event. Plaintiff may be entitled to go to the jury as against the owner of the building on the theory that the owner was exercising such supervision over the work as to be in effect a general contractor, owing to the employees of other contractors the duty to guard the place of work against perils unknown to them. (Caspersen v. LaSala Bros., 253 N. Y. 491.) The trial court erred, however, in permitting the jury to determine whether the owner should have provided scaffolding under section 240 of the Labor Law. Appellant was not " a person employing or directing another to perform labor " within the meaning of that section. (Iacono v. Frank & Frank Contracting Co., Inc., 259 N. Y. 377; Sweeney v. Spring Products Corp., 257 App. Div. 104.) Even if appellant had been such a person, there was no evidence in this record as to the utility or feasibility of scaffolding under the circumstances existing, and a verdict based on the absence of a scaffold would have been purely speculative. Johnston, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., dissents in part with the following memorandum: The testimony shows that there was no negligence on the part of the owner. There was nothing to indicate that on inspection any defect would have been disclosed. Furthermore, the jury found a verdict for defendant contractors, the bricklayers. If they were not negligent, then defendant owner was not. The judgment should be reversed and complaint dismissed.