HARRY SEMANCHUCK, Respondent, Appellant, *v.* FIFTH AVENUE AND 37TH STREET CORPORATION, Appellant, and GOTHAM CONSTRUCTION CORPORATION, Respondent, Appellant, and AETNA FIREPROOFING COMPANY, Impleaded Defendant, Respondent.

First Department, June 5, 1942.

*Raymond D. O'Connell* of counsel [*Edmond B. Butler* with him on the brief; *Caverly, Dimond, Barton & Dwyer,* attorneys], for the defendant-appellant.

*Samuel Saline* of counsel [*Rao, Liggio & Cannella,* attorneys], for the plaintiff-respondent-appellant.

*William L. Shumate* of counsel [*Andrews, Baird & Shumate,* attorneys], for the defendant-respondent-appellant.

*Charles F. Bachmann* of counsel [*Thomas F. Keane* with him on the brief; *John P. Smith,* attorney], for the impleaded defendant-respondent.

COHN, J. Defendant Fifth Avenue and 37th Street Corporation (hereinafter called " Fifth Avenue ") was engaged in constructing a three-story building on its property at the northwest corner of Thirty-seventh street and Fifth avenue, New York city. Gotham Construction Corp. (hereinafter called " Gotham "), a contractor, had agreed with Fifth Avenue to do a major portion of the construction work, including the laying of the concrete floors and the carpentry work. Gotham in turn sublet the concrete arch work to Aetna Fireproofing Company (hereinafter called " Aetna ").

Plaintiff, employed as a laborer by the impleaded defendant Aetna, was injured by falling through an open space while engaged in the work of laying a concrete floor in the building. He first brought an action against Fifth Avenue. Subsequently, he commenced a separate action against Gotham. These two actions were consolidated. Aetna was thereafter impleaded by Gotham, the latter asserting a right to recover over against Aetna in the event that a judgment was rendered against Gotham. Fifth Avenue cross-claimed against Gotham for a recovery over against Gotham in the amount of any judgment which might be granted against Fifth Avenue. The action and cross-actions were tried together.

By its contract with Fifth Avenue, Gotham agreed to erect what might be termed the " shell " of the building, and covenanted, among other things:

" To do the complete masonry, lathing and plastering, carpentry, concrete arches, cement finish   *   *   *   in accordance with plans and specifications and addenda #1 and #2 by Starrett & Van Vleck, Architects, and modifications noted below."

The specifications above referred to, forming part of the contract between Fifth Avenue and the contractor Gotham, provided as follows:

" *Temporary Work:* The Contractor shall install and remove all carpentry of a general or temporary nature.

" He shall erect and maintain all such temporary work as may be required for the protection of the public and those employed in or about the building, including guards and barricades around openings and machinery."

In the contract was also contained the following provision:

" Art. 28. Indemnity.— In addition to the liability imposed upon the Contractor by law, and by Article 27, which liability is not impaired or otherwise affected hereby, the Contractor hereby assumes the obligation to save the Owner harmless and indemnify him from every expense, liability or payment, by reason of any injury to any person or persons, including death, resulting from any action or operation under this contract." ˙

Later, Gotham entered into a subcontract with Aetna whereby Aetna agreed to provide labor and materials for the concrete arch work. As an incident thereto, Aetna agreed to be responsible to Gotham for injuries to persons arising from Aetna's acts during the progress of the work.

The day of the accident was Monday, June 13, 1938. On the Wednesday before, defendant Aetna commenced the concrete arch work on the first floor. This job was performed by constructing wooden forms between the steel cross beams and pouring cement into those forms. When the cement hardened, the wooden forms were removed, leaving what appeared to be a cement flooring. Aetna completed the construction of the wooden forms on the first floor on the Saturday preceding the accident. These forms were not erected in all spaces between cross beams, as some openings had to be left for elevators, stairways and hoistways. The wooden forms acted as a temporary floor.

When Aetna resumed operations on the day of the accident, its men started pouring concrete into the forms. Plaintiff was engaged on this work. His job was to wheel concrete in a steel buggy and dump it into the forms. Just before the accident, plaintiff wheeled a buggy of cement along a runway to an arch or form on the right side of the runway. While backing his cart away from the form, he fell into an unguarded opening and was injured. There was testimony in the case that the opening was left for a hoistway —" the bricklayer's hoistway." Gotham, among other things, had been engaged to do the work of bricklaying. There was no proof in the case, however, that the opening through which plaintiff fell had been used as a hoistway before the accident.

The jury returned a verdict in favor of plaintiff for $10,000 against defendants Fifth Avenue and Gotham. A special verdict, wherein the jury answered questions of fact, was also rendered. The trial justice, however, set aside the verdict against Gotham, and dismissed plaintiff's complaint as against it. The court had reserved for itself the determination of the claims for recovery over by Fifth Avenue against Gotham and in turn by Gotham against Aetna, arising out of cross-complaints contained in the answers of the respective defendants. After setting aside the jury's verdict against Gotham, it dismissed Fifth Avenue's cross-complaint against Gotham, and also dismissed, but without prejudice, Gotham's claim over against Aetna. In dismissing the complaint against Gotham, the court stated that it did so upon the ground that there was no proof that Gotham was in control of the premises when and where plaintiff was injured; that though

it had the right of control, Gotham had not exercised that right and accordingly was under no duty to the plaintiff; that plaintiff was not a party to the Gotham-Fifth Avenue contract and, therefore, he could not be heard to complain that Gotham had delayed in exercising its rights thereunder.

There is ample basis in the evidence for the verdict of the jury in favor of plaintiff and against the two defendants, Fifth Avenue and Gotham. The trial court, we think, erred in setting aside the verdict against defendant Gotham and in dismissing the complaint of plaintiff against it.

Fifth Avenue, as owner and general contractor, supervised the construction of the building and upon it there devolved the duty of supplying plaintiff with a safe place to work. (*Caspersen* v. *La Sala Bros.*, 253 N. Y. 491, 494; *Wohlfron* v. *Brooklyn Edison Co., Inc.*, 238 App. Div. 463; affd., 263 N. Y. 547; Labor Law, §§ 200, 241.)

Gotham, which had obligated itself to do the carpentry work and to maintain all such temporary work as might be required for the protection of those employed in and about the building, including guards and barricades around openings, was thus under a duty to protect plaintiff from the dangerous condition which the jury found caused the accident. We are of the view that plaintiff was entitled to the benefit of Gotham's agreement with Fifth Avenue to the effect that Gotham would protect those employed in and about the building and that it would provide necessary safeguards around all openings. (*Vollstedt* v. *Mollar, Inc.*, 238 App. Div. 705.) In the case last cited the court stated (at p. 707): " Having contracted either to supply and install protection or to maintain such protection, a duty and obligation rested on this defendant in respect to workmen, which, if not performed, made explanation of the reason therefor imperative. ' It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all.' (*Glanzer* v. *Shepard*, 233 N. Y. 236, 239.) "

We think, too, that the court erred in dismissing the cross-complaint of Fifth Avenue against Gotham. Plaintiff's injury was one resulting from " any action or operation under this contract " between Fifth Avenue and Gotham. Plaintiff was engaged in doing work which Gotham had agreed to perform for Fifth Avenue. Gotham could not discard its liability to Fifth Avenue by subcontracting a portion of the work to Aetna. The very purpose of the indemnity agreement between Fifth Avenue and Gotham was to safeguard Fifth Avenue against any liability for injury to any person or persons resulting from any action or opera-

tion under the contract, and to require Gotham to assume it. Gotham had agreed to construct the concrete arches and was accordingly the one in a position to guard against the occurrence of this very accident. While the jury found each of these two defendants negligent, it seems plain that it was the primary negligence of Gotham which caused plaintiff's injury.

The negligence charged by plaintiff against defendants Fifth Avenue and Gotham is that the shaft was permitted to remain open and unguarded. In its contract with Fifth Avenue, Gotham had specifically agreed to assume the burden of protecting employees by erecting and maintaining " guards and barricades around openings and machinery." Liability here certainly results from the non-performance of this contractual obligation by Gotham. For such breach Gotham is answerable to Fifth Avenue in an amount equal to the judgment obtained by plaintiff. (*American Employers' Ins. Co.* v. *Brandt Masonry Corp.*, 252 App. Div. 506.) Moreover, under the plain wording of its indemnity agreement, Gotham must reimburse Fifth Avenue for the amount of plaintiff's recovery. (*Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415; *Turner Construction Co.* v. *Rockwood Sprinkler Co.*, 249 App. Div. 508; affd., 275 N. Y. 635; *Long Island Railroad Co.* v. *American Bridge Co.*, 175 App. Div. 170; affd., 225 N. Y. 692.)

As to Gotham's appeal against Aetna from that part of the judgment which dismisses without prejudice the claim of Gotham against Aetna, we fail to find any evidence to support the cross-claim. Aetna did not agree to erect barriers around openings in the building, nor did it have control over such work. In the circumstances, the provision for indemnity by Aetna is not broad enough to afford a basis for a recovery over by Gotham against Aetna. It is well settled that indemnity provisions are not to be construed as insurance contracts or as imposing upon the indemnitor an obligation to protect and indemnify against liability because of the indemnitee's own negligence, in the absence of clear and unequivocal language imposing such a burden. (*Employers' Liability A. Corp.* v. *Post & McCord*, 286 N. Y. 254, 262; *Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 id. 36, 41.) However, there is no appeal by Aetna from the judgment in so far as the dismissal is without prejudice.

The judgment insofar as it dismisses the cross-complaint of defendant Gotham against defendant Aetna without prejudice, and the orders appealed from insofar as they direct entry of judgment in that respect should be affirmed, with costs of this appeal to respondent Aetna against appellant Gotham.

The judgment and orders appealed from should be in other respects reversed upon questions of law, with costs of this appeal to plaintiff-appellant against defendants Fifth Avenue and Gotham, and to appellant Fifth Avenue against respondent Gotham; the verdict in favor of plaintiff against Gotham reinstated and judgment directed to be entered upon the verdict in favor of plaintiff against defendants Fifth Avenue and Gotham, with costs to plaintiff against said defendants; and judgment directed to be entered in favor of defendant Fifth Avenue against defendant Gotham in an amount equal to plaintiff's recovery against defendant Fifth Avenue.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Judgment, insofar as it dismisses the cross-complaint of defendant Gotham against defendant Aetna without prejudice, and the orders appealed from, in so far as they direct entry of judgment in that respect, unanimously affirmed, with costs of this appeal to respondent Aetna against appellant Gotham. Judgment and orders appealed from in other respects unanimously reversed, with costs of this appeal to plaintiff-appellant against defendants Fifth Avenue and Gotham, and to appellant Fifth Avenue against respondent Gotham; the verdict in favor of plaintiff against Gotham reinstated and judgment directed to be entered upon the verdict in favor of plaintiff against defendants Fifth Avenue and Gotham, with costs to plaintiff against said defendants; and judgment directed to be entered in favor of defendant Fifth Avenue against defendant Gotham in an amount equal to plaintiff's recovery against defendant Fifth Avenue. Settle order on notice.