In an action to recover damages for personal injuries sustained by plaintiff, a laborer, when part of an unshored wall of an excavation collapsed and fell on him, judgment, entered on the granting of a motion to dismiss the complaint as against defendant, the City of New York, as resettled, reversed on the law and a new trial granted, with costs to appellant to abide the event. Appeal from original judgment dismissed, without costs. Plaintiff was an employee of Moccia Construction Corporation, which had been awarded a contract by the City of New York for certain foundation work in connection with the construction of the Triborough Hospital for Tuberculosis Patients at Jamaica, in Queens County, New York. The excavation where the accident occurred was dug by Moccia’s employees, and the plaintiff, just prior to the accident, had entered the excavation for the purpose of working therein with pick and shovel. The plaintiff sought to hold the City of New York liable in damages for his injuries on the theory that it exercised such supervision over the contract work as to make it in effect a general contractor; that in the enjoyment of that status it was under a continuing and nondelegable duty of providing the plaintiff and other employees of Moccia with a safe place to work. In our opinion plaintiff was entitled to go to the jury on the theory that defendant city was exercising such supervision over the work as to be in effect a *932 general contractor, owing to the employees of Moccia Construction Corporation the duty to guard the place of the work against perils unknown to them. (Caspersen v. La Sala Bros., 253 N. Y. 491; Schwartz v. Merola Bros. Construction Corp., 290 N. Y. 145; Anderson v. 143 Linden Bind. Corp., 258 App. Div. 887; Wohlfron v. Brooklyn Edison Co., Inc., 238 App. Div. 463, affd. 263 N. Y. 547.) While it is true that the principle that a master is bound to provide his servants a safe place to work has no application to a case in which the prosecution of the work itself makes the place- to work (Mullin v. Genesee Co. El. L. P. & Gas Co., 202 N. Y. 275; Kowalsky V. Conreco Company, 264 N. Y. 125), nevertheless, when a master knows that servants have so negligently done their work as to occasion danger to a fellow servant, it is his duty to interfere and take reasonable means to- see that the work is properly done and the danger removed. (Henry v. Hudson & Manhattan R. R. Co., 201 N. Y. 140; Maguire v. Barrett, 223 N. Y. 49.) The defendant city, if it was in effect a general contractor, owed to the plaintiff the same duty in this respect as it would have owed to its own employees. (Dougherty v. Pratt Institute, 244 N. Y. Ill; Wohlfron v. Brooklyn Edison Co., Inc., supra.) Hagarty, Acting P. J., Carswell, Nolan and Sneed, JJ., concur.