Jacob Markowitz, J.
This is a nonjury trial by William G. Ellis (hereinafter “ Ellis ”) against the defendants George A. Fuller Company (hereinafter “ Fuller ”) and National Gypsum Company (hereinafter ‘ ‘ Gypsum ”). Gypsum has cross-claimed against Fuller and Fuller has impleaded T. D. McCormick Contracting Co. Inc. (hereinafter “ McCormick ”) as a third-party defendant demanding judgment over against it.
By stipulation, liability has been conceded and the plaintiff is to recover the sum of $10,000 against either one or both the defendants, Fuller or Gypsum, depending upon a determination of liability.
The proof discloses the following facts: Gypsum, the owner of a kiln plant in The Bronx, hired Fuller as a general contractor to perform alteration work for a board kiln extension, floor plate installation and new electrical wiring equipment. Gypsum arranged with Consolidated Edison Company to change over the electrical power system at the plant during the weekend of September 25 and 26, 1954, necessitating high-power voltage tests and turning off the main electrical power source at the plant.
Pursuant to agreement with Gypsum, Fuller installed generators as a source of power for temporary lighting, as well as temporary lighting equipment, to be used while the main electrical power was shut off.
*689 Some time prior to 8:00 p.m. of September 25, the generators for the temporary lighting broke down and temporary lighting came from Fuller’s welding machines. One of Fuller’s supervisors, John Friel, then directed one of its employees to be stationed with a hand flashlight at the foot of the stairway used by employees to guide them ascending and descending the second floor kiln room where work was in progress.
Employees of Gypsum, Fuller, McCormick and other subcontractors were on the Gypsum’s premises during this weekend. The plaintiff, Ellis, was employed by McCormick, an ironwork subcontractor hired by Fuller. Ellis and others had worked from 7:00 a.m. on September 25 continuously through the early morning of Sunday, September 26. Gypsum had at the plant, in addition to other employees, an assistant plant engineer, Chester Norwich, with supervisory powers. John Friel, Fuller’s supervisor, was on the premises from 8:00 p.m. September 25 to 6:00 or 6:30 of the morning of September 26. Friel discussed with Norwich “ things that were going on and what had to be done ” and he took instructions from, and consulted with Norwich, as he did on previous occasions.
They spoke with Consolidated Edison representatives present in connection with the electrical power change-over. Together, they traversed the stairway on a number of occasions and were aware of the lack of illumination except for the hand flashlight when used by the Fuller timekeeper.
The plaintiff, Ellis, testified that at about 5:45 to 6:00 a.m. on September 26, while descending the stairway in question, he fell near the last two or three steps. The stairway was dark and without any artificial illumination or adequate natural lighting. No one was present with a flashlight at the bottom of the stairway or anywhere else. This testimony was confirmed by Roderick McDonald, an employee of McCormick.
Gypsum controlled and supervised the permanent lighting system in its building and its change-over. Fuller also had control, supervision and direction over the use and installation of the temporary lighting equipment. Both Gypsum and Fuller had actual notice of the perilous conditions and circumstances regarding the lack of lighting on the stairway and in the plant when the alteration work was proceeding on September 25 and September 26.
I find the area in and about the stairway was improperly and inadequately illuminated, which constituted a known condition of danger and was the proximate cause of the accident. Gypsum and Fuller both failed to exercise reasonable care in providing Ellis a safe place to work, including the stairway approach *690 thereto (Labor Law, § 200; Sgandurra v. 220 Estates, 185 Misc. 283, affd. 270 App. Div. 834; Caspersen v. La Sala Bros., 253 N. Y. 491). Whether or not chips of concrete and debris were on the stairway steps and contributed to the accident is of no consequence. The combined negligence of Gypsum and Fuller was the active and primary cause of the accident. Accordingly, both are liable to the plaintiff.
Gypsum’s claim against Fuller for judgment over on implied common-law indemnification fails as both are in pari delicto. As to Gypsum’s claim over against Fuller by virtue of its indemnity contract, irrespective of its own active negligence, the pertinent clause reads as follows: “ The contractor shall indemnify and save the owner harmless from any expense or liability resulting from injury to persons, damage to property, or mechanic’s liens arising out of the performance of the work.”
The indemnification contract herein is couched in language far too general in its nature to impose liability on the general contractor. (Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36; Bernardo v. Fordham Hoisting Co., 6 A D 2d 619 and cases cited therein.)
Accordingly, the cross claim by Gypsum against Fuller on both an implied common-law indemnification and contractual indemnification is groundless.
With respect to the third-party complaint by Fuller against McCormick for indemnification, the pertinent provision of the contract between these parties provides: “ The Sub-Contractor agrees to indemnify and save harmless the Owner and General Contractor against loss or expense by reason of the liability imposed by law upon the Owner or General Contractor for damage because of bodily injuries, including death at any time resulting therefrom, accidentally sustained by any person or persons or on account of damage to property arising out of or in consequence of the performance of this work, whether such injuries to persons or damage to property are due or claimed to be due to any negligence of the Sub-Contractor, the Owner, the General Contractor, his or their employees or agents or any other person. ” (Emphasis supplied.)
It is to be noted that this indemnification contract provision is unlike the one between Fuller and Gypsum, particularly in its inclusion of the italicized words. This contract in clear and unequivocal terms indemnifies Fuller against its own active negligence. (Fuller Co. v. Fischbach & Moore, 7 A D 2d 33 and cases cited above.)
The contention that the injury was not sustained during employment is without merit. (Fuller Co. v. Fischbach & Moore, supra.)
*691 Accordingly, judgment in the sum of $10,000 shall be entered in favor of the plaintiff and against the defendants, Gypsum and Fuller. On the claim over by Gypsum against Fuller, Fuller is entitled to the entry of judgment. Fuller on its cross complaint against McCormick is entitled to entry of judgment against McCormick.
The motions heretofore reserved at the trial are disposed of in accordance with this decision.
The foregoing constitutes the decision of the court, in accordance with section 440 of the Civil Practice Act.