■ JOSEPH GOTTLIEB, Respondent, v. PARK AVENUE OFFICES, INC., et al., Defendants, and LA SALA CONTRACTING CO., INC., Appellant. PARK AVENUE OFFICES, INC., Third-Party Plaintiff, v. LA SALA CONTRACTING COMPANY, INC., Third-Party Defendant.— Judgment for plaintiff against defendant-appellant La Sala Contracting Co., unanimously reversed upon the law and upon the facts, and the complaint dismissed, with costs to defendant-appellant. The removal by appellant, a mason subcontractor, of the permanently bricked-in louvers, leaving open and unguarded the shaft into which plaintiff fell, was at the direction of plaintiff as assistant superintendent of the general contractor. Such direction was given and complied with in order that the work could be corrected by the installation of the louvers on proper frames as called for by the plans and specifications. The result was that, in the course of the work, the shafts were left open and unguarded. The appellant is alleged to have been negligent in this connection, but the unguarded condition of the shaft openings was open and obvious. The plaintiff, fully aware of the same, was injured when he fell down one of the shafts while he and the appellant (through a foreman) were engaged in the very work of remedying the alleged dangerous condition. The accident happened while the plaintiff and the appellant's foreman were jointly engaged in the task of placing planks as temporary barricades across the openings. Under the circumstances, it is clear that plaintiff, as an assistant superintendent of the general contractor and in charge of the work at the place of the accident, was in the performance of his duties when he was

engaged in placing planks across the openings. Representing the general contractor, there was a duty upon him, as well as upon the appellant, to see to it that the openings were guarded, assuming as he contends, that this was a dangerous condition. (See *Vollstedt* v. *Joseph A. Mollar, Inc.*, 238 App. Div. 705; *Komar* v. *Dun & Bradstreet Co.*, 284 App. Div. 538, 543.) Under these circumstances, the plaintiff may not recover for his injuries. It is well settled that, where an employee's injuries are sustained as a result of an open and obvious condition which he is under a duty to repair or correct, and are sustained in the course of his work in the repair or correction of the same, he may not recover. "An employee cannot recover for injuries received while doing an act to eliminate the cause of the injury." (*Kowalsky* v. *Conreco Co.*, 264 N. Y. 125, 128.) Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.